## HARDY v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 5774. Decided May 26, 1936. (58 P. [2d] 15).

*Foote & Dawson,* of Salt Lake City, for plaintiff.

*Joseph Chez,* Atty. Gen., and *Gardner, Latimer & Evans,* of Salt Lake City, for defendants.

MOFFAT, Justice.

This is an appeal from a decision of the Industrial Commission of Utah, denying an award to the plaintiff.

On the 8th day of July, 1928, the plaintiff wrote a letter to the Industrial Commission of Utah in which he in substance said: On October 25, 1927, while working for Philip Biesinger, he was injured, that a disability resulted, an operation had been performed, that the Commercial Casualty Insurance Company assumed responsibility as insurance carrier until May 21, 1928, when the insurance carrier denied further responsibility; that he was still under a doctor's care and unable to work. He indicated that he thought he was entitled to compensation until he was able to work, and asked for a hearing on the case. This application was filed by the Industrial Commission on July 10, 1928, and was within time.

The injury resulted in periodical temporary disability. The record discloses that without the necessity of a formal

hearing the insurance carrier accepted responsibility and during some periods paid compensation. The matter moved on until 1935, when plaintiff again found it necessary to undergo an operation arising out of the original injury, and filed an application for further compensation.

The findings of the Industrial Commission state the injury, the history of the cause, and indicate, but does not in so many words find, that the commission is "without jurisdiction" to hear the application because more than six years have elapsed since the date of the injury. It is evident that belief in want of jurisdiction was the basis of the decision, and plaintiff states that "the sole question for review is whether or not the Industrial Commission had jurisdiction to entertain the hearing on August 23, 1935." It was upon this question the case was argued and submitted.

It is agreed that the letter of July 8, 1928, was within time and was a sufficient application for compensation under the Workmen's Compensation Act and that the Industrial Commission had and took jurisdiction of the cause at that time.

The statutory sections affecting this cause, in Comp. Laws Utah 1917 (section 3061 et seq.) and amendments thereto, have been carried forward into R. S. Utah 1933 (42-1-1 et seq.). The changes do not affect the issues in this cause. Reference will therefore be made to the 1933 R. S. Utah sections.

Defendants argue that the Utah statute bars the claim of plaintiff as a matter of jurisdiction, for the reason his application of August 23, 1935, for further medical treatment was not filed with the Industrial Commission until more than six years had passed after the date of the injury.

The findings of the commission are:

"I. The applicant, on October 25, 1927, was employed by Philip Biesinger a building contractor; Biesinger was an employer of labor subject to the Workmen's Compensation Act and had insured his liability for Workmen's Compensation insurance with the Commercial Casualty Insurance Company.

"II. On said date while in the course of his employment, applicant fell from a saw horse and in falling, bumped the shin on his right

leg. A period of temporary total disability resulted from the injury, which was more severe than would ordinarily have been expected, because of the fact that the bump on the shin lighted up an old quiescent osteomyelitis in the lower end of the right tibia which was caused by an old compound fracture of that bone.

"III. The insurance carrier assumed liability and paid compensation as by law provided, including the necessary medical expense incurred in healing the injury. At the conclusion of the period of temporary total disability and at the time applicant was discharged, it was recommended by the attending physician that a further operation be performed. The insurance carrier agreed at that time, which was during the winter of 1929-1930, to pay the cost of such an operation should it be performed. The operation was not performed at that time and the matter was not again called to the attention of either the employer or his insurance carrier until more than six years had elapsed subsequent to the injury, and then only after the applicant had gone to another surgeon and had the operation performed. The insurance carrier of Biesinger was then approached and requested to pay for the operation and other medical care incident to said operation. This the Commercial Casualty Insurance Company refused to do.

"IV. Application for further compensation and further medical service was not filed with the Commission for more than 6 years after the date of the injury. Neither the employer nor his insurance carrier were requested to furnish the second operation."

Defendants maintain that section 42-1-62, R. S. Utah 1933, is controlling and determines the jurisdiction of the Industrial Commission of Utah. It is argued that section 42-1-62 is a limitation on section 42-1-72. That part of the former section relating to partial disability reads as follows:

"Where the injury causes partial disability for work, the employee shall receive, during such disability and for a period of not to exceed six years, beginning on the fourth day of disability, a weekly compensation equal to 60 per cent of the difference between his average weekly wages before the accident and the weekly wages he is able to earn thereafter, but not more than $16 per week.

"In case the partial disability begins after a period of total disability, the period of total disability shall be deducted from the total period of compensation.

"In no case shall the weekly payments continue after the disability ends, or the death of the injured person."

Then follows a provision relating to, and a specification of, particular injuries with the maximum rate of weekly payments specified for such injuries and the periods for which the payments shall continue, "and shall be in addition to the compensation hereinbefore provided for temporary total disability."

If defendants' position has any tenability at all, it must be made out of a construction of section 42-1-62, R. S. Utah, supra. Cases are cited in defendants' brief of the type of: *Utah Consolidated Mining Company* v. *Industrial Commission*, 57 Utah 279, 194 P. 657, 16 A. L. R. 458; *Spring Canyon Coal Company* v. *Industrial Commission*, 58 Utah 608, 201 P. 173; *Aetna Life Ins. Co.* v. *Industrial Commission*, 66 Utah 235, 241 P. 223. Others are cited, and more of the same type as suggested by counsel could have been added.

Evidently the cases were cited while counsel was maintaining the position that the application filed July 8, 1928, was not sufficient to confer or invoke the jurisdiction of the Industrial Commission, which position was later abandoned. The application hereinbefore summarized, though informal, is ample to invoke the jurisdiction of the commission. It does not fall within the type of documents referred to in the cases of *Aetna Life Ins. Co.* v. *Industrial Commission*, supra, nor *Rezaldo* v. *Industrial Commission*, 61 Utah 412, 213 P. 1083.

In the instant case the letter dated July 8, 1928, was addressed to the Industrial Commission. It gave the date of the injury, the party for whom he was working, the date he became disabled, the character and location of the wound, the fact that the Commercial Casualty Company had assumed responsibility and had made payments of compensation until a specified date and had thereafter refused, that he was under a doctor's care and unable to work, and that he "would like a hearing on this case." This was filed within the year from the date of the injury. The Industrial Commission acquired jurisdiction at that time.

The question remaining is, Did the Industrial Commission lose jurisdiction upon the expiration of six years from the date of the injury under section 42-1-62, supra? We think it did not. Having once acquired jurisdiction under the provisions of section 42-1-72, R. S. Utah 1933, jurisdiction is continuing; it being therein provided that:

"The powers and jurisdiction of the commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings, or orders with respect thereto, as in its opinion may be justified."

We discover no conflict between section 42-1-62 and section 42-1-72, supra. The latter section is one relating to jurisdiction only. The former relates to the amount to be paid and period during which the payment shall extend. "Where the injury causes partial disability for work, the employee shall receive during such disability and ■ for a period of not to exceed six years" the compensation provided by the statute. Reading the whole section, it is apparent the part under consideration and last above quoted has the same effect and meaning as though it read:

"When the injury causes partial disability for work, the employee shall receive, during such disability * * * not to exceed six years, the compensation specified."

The limitation provided by the section relates to the disability period and not the calendar period dating from the injury.

The language following in the section carries the same implication:

"In case the *partial disability* begins after a *period of total disability*, the *period of total disability* shall be deducted from the *total period of compensation.*" (Italics added.)

It is the *disability period* for which compensation is paid. The last clause of the section further fortifies the construction herein made. It is there said:

"The *amounts* specified in this section are all subject to the limitation as to the maximum weekly amount payable as specified in this section, and in no event shall more than a total of $5,000 be required to be paid." (Italics added.)

The Workmen's Compensation Act, as the name indicates, provides for compensation for loss of earnings during disability periods, whether partial, total, temporary, or permanent. We do not recall any decision of this court in which the particular question here presented has been determined, and our attention has not been called to a case construing the terms of the statute nor one in which the construction contended for by defendants has been made.

The period of disability is the important matter to the employee. It is also important to make effective the purpose of the statute. Payment of compensation for loss of earning capacity arising from an accidental injury arising out of and in the course of employment within the field to which the statute is applicable is not a payment for damages. The period of temporary total disability arising out of the specifically named injuries and the periods for which the 60 per cent of the average weekly wage is to be paid is in addition to the partial disability period provided for in the first part of section 42-1-62, supra.

It would be an unusual construction to say that an employee injured by accident in the course of his employment should be denied compensation because an injury had apparently been surgically cured, but which was in fact quiescent for a period and without an additional injury, but, in the course of progress of the injury, it again became a disability precluding remunerative employment, that the employee should be denied compensation for the subsequent period. Some injuries apparently only temporary become permanent, and disabling injuries for a period may be partial and then become total. Injuries thought to be total may become temporary and even complete recovery may result. The purpose of section 42-1-72, supra, is to take care of changed conditions or developments of some kind justify-

ing a modification of a previous award. This may be in favor of the applicant or against him or in favor of the insurance carrier or against it or him.

In the instant case, the application and the hearing thereon, acceptance of liability by the carrier placed the matter under the jurisdiction of the commission, and whether there were express findings or an award or not, the commission had power and jurisdiction to make or deny ■ an award as the merits of the case might determine. It is just as important that the commission should have an opportunity to reconsider its findings or to make findings if the making of findings has been temporarily unnecessary because of agreement as it is to review and consider its findings on a previous award when new conditions required the exercise of the continuing jurisdiction conferred by the statute.

The Industrial Commission is as a matter of law vested with jurisdiction to proceed to hear the application upon its merits. The order of the Industrial Commission is vacated and the cause remanded for further proceedings. Plaintiff is entitled to have his costs taxed against the Commercial Casualty Insurance Company. It is so ordered.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and WOLFE, JJ., concur.