# UTAH APEX MINING CO. et al v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 7282.   Decided September 9, 1949.   (209 P. 2d 571.)

See 71 C. J., Workmen's Compensation Acts, sec. 1473. Waiver of statute of limitations in workmen's compensation cases, see note, 144 A. L. R. 608. See, also, 58 Am. Jur. 849.

*Skeen, Thurman & Worsley,* Salt Lake City, *Earl Groth* and *Robert Spooner,* Salt Lake City, for plaintiffs.

*Clinton D. Vernon,* Atty. Gen., *A. John Brennan,* Asst. Atty. Gen., for defendants.

LATIMER, Justice.

The case is presented on facts which are not seriously disputed. It appears that defendant, Clarence Petersen, sustained certain injuries on May 20, 1931, while an employee of the Utah Apex Mining Company of Bingham Canyon, Utah. His injuries were precipitated by a mine "cave-in" which occurred while he was engaged in underground mining operations in the Utah Apex Mine. Dr. Paul S. Richards of Bingham Canyon examined Peterson shortly after the accident and within several days submitted a report of the injury to the Industrial Commission. The Mining Company filed an employer's report of the accident with the Commission on May 29, 1931. On December 4, 1933, the United States Fidelity and Guaranty Company, the insurance carrier, forwarded a letter to Petersen notifying him to appear before the Medical Advisory Committee of the Industrial Commission on December 8, 1933, to determine his permanent-partial disability. On the appointed day, Peterson appeared before the Industrial Commission for examination by the Medical Committee. Also present were the attending physician, Dr. Richards, and counsel representing the insurance company. Counsel for the carrier took an active part in the proceedings and had the commissioner instruct the board on the methods to be used in rating an injured employee for permanent disability. After a hearing and examination, the committee concluded that Petersen had sustained a fifty per cent permanent loss

of bodily function. Six days later, December 14, 1933, the Industrial Commission informed the insurance company, by letter, that the Commission was of the opinion that Petersen should be paid on the basis of a fifty per cent permanent partial loss of bodily function which would, under the statute, entitle him to be paid 100 weeks compensation in addition to compensation for temporary total disability for the period he was totally disabled.

On December 18, 1933, the Commission notified the carrier that Petersen had requested commutation of compensation and that the commissioners had no objection to a lump sum settlement. After securing this approval of the Industrial Commission, the parties entered into a settlement agreement which in part provided that in consideration of the payment of a lump sum agreed upon, Petersen thereby agreed to release and forever discharge the Utah Apex Mining Company and the United States Fidelity & Guaranty Company from all liability for the injuries sustained.

Petersen continued in the employ of the Utah Apex Mining Company until 1938. During this time, he submitted himself to Dr. Richards for examination generally once a month. The doctor testified that the leg was never entirely free from infection during any of this period. In 1945, Petersen did some leasing work which he was forced to abandon because of the condition of his leg. He testified he had had difficulty with his leg continuously from the time of the injury and that it had been necessary to have his leg operated on on two different occasions. On December 6, 1947, he returned to Dr. Richards for examination. The doctor determined the condition of his leg to be the result of moderate osteomyelitis and extensive infection throughout his entire left leg and hospitalized him immediately. On December 29, 1947, Dr. Richards informed the Utah Apex Mining Company he had hospitalized Petersen because of osteomyelitis of the left leg and that this condition of his leg was a residual of the original injury. On February 3, 1948, the doctor notified the Commission he

had written this letter to the Mining Company and the Commission forwarded this information to the insurance carrier. It promptly denied all responsibility for the aggravated condition of plaintiff's leg or that the condition was a residual of the original injury. On July 17, 1948, Petersen filed an application for additional compensation with the Commission. A hearing was had over the objection of counsel for plaintiffs and those objections frame the issues to be decided by this court.

Plaintiffs first contend that the Commission could not act in this matter because Petersen's right to compensation is barred under the provisions of 42-1-92 U. C. A. 1943. That statute, in part, provides:

"If no claim for compensation is filed with the Industrial Commission within three years from the date of the accident or the date of the last payment of compensation, the right to compensation shall be wholly barred."

In relying upon the statutory bar, plaintiffs contend the following facts are decisive of the case. That no formal application for compensation was filed by Petersen until July 17, 1948; and that the injury for which he seeks to recover compensation occurred in 1931 and pursuant to the settlement agreement the last compensation paid to Petersen was on December 19, 1933.

At the outset, it must be admitted that these facts are undisputed and that under the statute Petersen's claim was wholly barred unless plaintiffs, by their conduct, have conferred jurisdiction over themselves or are precluded from setting up the bar. In the case of *Pine* v. *State Industrial Commission,* 148 Okl. 200, 298 P. 276, 78 A. L. R. 1287, under a slightly different state of facts, it was held that the employer was estopped from defending on the theory that the employee's claim was barred because he had failed to file an application for compensation within the statutory period because such failure was attributable to the conduct of the employer. The court held that the employer could

not challenge the jurisdiction of the Commission because it had paid the injured employee compensation for more than a year after the accident; had assured the claimant that there was no necessity to file a claim; and had recognized its liability.

In this case we do not have representations by the employer or its carrier that there was no necessity to file a claim. We do, however, have the employer's liability recognized by both the carrier and the Commission. The carrier recognized the validity of the claim in 1933 when it wrote to Petersen notifying him to appear before the Medical Advisory Committee of the Industrial Commission to determine the extent of his permanent partial disability. Apparently, the plaintiffs were willing to confess liability at that time and took it upon themselves to vest the commission with jurisdiction to determine the extent of that liability. In so doing, the plaintiffs subjected themselves to the orders of the Industrial Commission and the recommendations of the Medical Advisory Committee. Therefore, if we should determine that the Commission had jurisdiction of the subject matter, the cause was properly before the Commission. In this connection, it is admitted that Petersen was injured while working in the State of Utah; that the relationship of employer-employee existed and that the employer was subject to the provisions of the Workmen's Compensation Act. The defect in jurisdiction, if any, is in the initiatory proceedings and plaintiffs have, by filing a report and directing the employee to appear to have his disability determined, precluded themselves from contending that the proceedings were not sufficient and complete.

Both parties assumed the Commission had acquired jurisdiction as both participated in the hearing and in subsequent proceedings. Plaintiffs filed a written report of the accident and shortly thereafter, requested the Commission to act in the cause. After the Commission had heard the cause and rendered findings in accordance therewith, it notified the plaintiffs and Petersen that he should be paid on

the basis of a fifty per cent permanent disability. The carrier accepted the findings as made and proceeded to complete a settlement, with the sanction of the Commission and on the basis of its decision. If the insurance carrier had not initiated some action, it is certain that Petersen would have filed an application for determination of permanent disability before the statutory period had expired as his injuries were severe and his damages extensive.

After having invited Petersen to submit the issue of the extent of the carrier's liability to the Commission for decision and after having used the Commission and its agency for its benefit, the carrier cannot now successfully assert that the Commission did not acquire jurisdiction for all purposes. During the course of procedure immediately following the accident the carrier acted in such a manner as to convey to Petersen the impression that the Commission had jurisdiction and that the filing of a claim was an unnecessary and useless act. The plaintiffs cannot at this late date take a different and inconsistent position. Having once acquired jurisdiction, under the provisions of Section 42-1-72, U. C. A. 1943, that jurisdiction is continuing.

Plaintiffs next contend that even if we should find against them, as we have done, on their first proposition, the Commission was nevertheless without jurisdiction for the additional reason that under 42-1-61 R. S. U. 1933, the Commission loses jurisdiction of all cases brought for the recovery of temporary disability after the expiration of six years from the date of the injury. That statute reads as follows:

"In case of temporary disability, the employee shall receive 60 per cent of his average weekly wages so long as such disability is total, not to exceed a maximum of $16 per week, and not less than a minimum of $7 per week; provided, that where the wage earned at the time of injury is less than $7 per week, the amount of wages earned shall be the amount of compensation to be paid. *In no case shall such compensation continue for more than six years from the date of the injury or exceed $5,000.*" (Italics ours.)

Section 42-1-61 must be read in the light of 42-1-72 R. S. U. 1933. That statute provides that the jurisdiction of the Commission in compensation cases shall be continuing without mention of any period of time after which that jurisdiction shall come to an end. That statute provides:

"The powers and jurisdiction of the commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings, or orders with respect thereto, as in its opinion may be justified."

The case of *Hardy* v. *Industrial Commission*, 89 Utah 561, 58 P. 2d 15, 17, is instructive of the manner in which these sections are to be resolved. In that case it was urged that under 42-1-62, R. S. U. 1933, the Commission lost jusidiction upon the expiration of six years from the date of the injury. The principal difference between that statute and the section preceding it, which is the statute here involved, is that Section 62 announces the law applicable in cases of partial disability whereas Section 61 covers cases of temporary disability. However, the statutes are, in substance, identical when we limit our consideration to the provision that payment of compensation shall not continue for more than six years from the date of the injury. Inasmuch as this is the only provision in either statute with which we are here concerned, the reasoning of this court in that case is applicable here. We there held that the provision that payment of compensation should not continue for more than six years from the date of the injury was only meant to fix the period during which payment is to extend, that is, the disability period, and that it was not in conflict with 42-1-72, supra, which provides that the jurisdiction of the Commission shall be continuing. We there said:

"We discover no conflict between section 42-1-62 and section 42-1-72, supra. The latter section is one relating to jurisdiction only. The former relates to the amount to be paid and the period during which the payment shall extend. 'Where the injury causes partial disability for work, the employee shall receive during such disability and for a period of not to exceed six years' the compensation provided for by the statute. Reading the whole section, it is apparent the part under con-

sideration and last above quoted has the same effect and meaning as though it read: 'When the injury causes partial disability for work, the employee shall receive, during such disability * * * not to exceed six years, the compensation specified.'

"The limitation provided by the section relates to the disability period and not the calendar period dating from the injury."

We conclude that the Commission properly permitted a hearing and was empowered to make an additional award of compensation should it be made to appear that such an award was proper.

The appeal having been taken only as to whether the Commission had power to act, we do not pass upon the question of the propriety of the additional award of compensation.

Affirmed. Costs to defendants.

PRATT, C. J., and WADE, and McDONOUGH, JJ., concur.

WOLFE, Justice.

I concur. Implicit in the opinion is (1) that the jurisdiction of the commission is invoked by the filing of a claim; (2) that the jurisdiction of the commission may be invoked by such conduct of the parties which is equivalent to the filing of a claim, or, that in any event, conduct which recognizes jurisdiction in the commission, or a request that it act as it could only act if it had jurisdiction of the case, estops the parties from denying jurisdiction. I think the commission actually acquired jurisdiction by the carrier asking it to determine the disabled workman's status, its acting consequent on that request and both parties appearing before it, and both parties accepting its decision and acting thereon. This seems to me to be even more than the equivalent of filing a claim. I think it would not require all of those acts to confer jurisdiction. See *Palle* v. *Industrial Commission,* 79 Utah 47, 7 P. 2d 284, 81 A. L. R. 1222;

quoting from *Aetna Life Ins. Co.* v. *Industrial Commission,* 66 Utah 235, 241 P. 223; *Utah Fuel Company* v. *Industrial Commission,* 59 Utah 46, 201 P. 1034.

But at all events, certainly both the carrier and the disabled workman would be estopped from denying that the commission had jurisdiction to act in this case. Also implicit in the decision is the holding that the commission once having acquired jurisdiction, such jurisdiction was continuing; also I would think that the same result would follow from an employment of the principle of estoppel.

We seem to have definitely held that it requires a claim —although not a formal one—to invoke jurisdiction of the commission, *Palle* v. *Industrial Commission,* supra; we have also held that jurisdiction may be otherwise acquired *Utah Fuel Company* v. *Industrial Commission,* supra.

There is to be considered the possible effect of estoppel to plead a bar on the future conduct of carriers, viz., whether it will discourage them from doing any acts such as the voluntary payments of compensation or resorting to the commission for the determination of the status of the disabled workman. Since prompt payment of compensation was one of the most salutary gains brought about by the act, it is important as a matter of public policy that even a just result in a single case be not obtained at the cost of sacrificing the larger desiderata—if a strict interpretation would better serve public policy. I doubt, however, whether carriers, because of this decision, will be less willing to meet palpable obligations or to resort to the commission for its services for the reason that modern insurance practice is to meet obligations when it is ascertained that they are legitimate. Furthermore, there are comparatively few cases where disability arises more than three years after the accident or recurs three years after the last payment. And as to those cases the statute was meant to provide for a period after which the insurance carrier could safely cease to carry reserves against a definite accident. The matter

of whether an over-all period of three years is too short is for the legislature. There will undoubtedly be cases of hardship where a man will suffer a residual disability from an old injury. The injured employee may find it good policy whenever disabled to file a claim for compensation even though the insurance carrier is willing to assume payments without such filing. This would obviate any question about the commission having obtained jurisdiction and also any question as to whether even if the commission had obtained jurisdiction other than by the filing of a claim, Section 42-1-49, U. C. A. 1943, nevertheless required the filing of a claim.