430 P.2d 162

**UNITED STATES SMELTING, REFINING AND MINING COMPANY, Plaintiff,**

v.

**Paul D. NIELSEN, and the Industrial Commission of Utah, Defendants.**

**No. 10703.**

·Supreme Court of Utah.

July 5, 1967.

Marr, Wilkins & Cannon, Salt Lake City, for plaintiff.

Phil L. Hansen, Atty. Gen., Salt Lake City, for defendants.

HENRIOD, Justice.

Appeal from an Industrial Commission award. Reversed.

Applicant, Nielsen, after working for the Smelting Company for 10 days, was injured by a cave-in in 1952. Among other things he injured his knee. The company, as self-insurer, paid statutory compensation for a period of time under Sec. 35–1–66, Utah Code Annotated 1953,[1] which provided for payment upwards of six years from the date of the injury. After he had been paid compensation periodically for a time under the statute, Nielsen requested and received a lump sum settlement of his claim in order to go into private business, which he did, and which he pursued until 1965, when he had his knee cap removed, in the process of which he suffered partial paralysis of his hands and arms because of operative or post-operative faulty blood circulation.

He filed a claim for further compensation, and an award was made apparently because of the decision of this Court in Utah Apex Mining Co. v. Industrial Commission,[2] which decision cited Hardy v. Industrial Commission,[3] as a precedent for the proposition that the date when compensation accrues is that date when disability occurs, i. e., on a casualty, not a calendar year basis,—or, in other words, upon discovery of an injury. The Apex observations with respect to this were dictum based on the Hardy decision, but the law of the Apex case strictly was based on an estoppel.

The Hardy case was decided in 1936 under the *partial disability* statute then existing,[4] whose wording was as follows:

Where the injury causes partial disability for work, the employee shall receive *during such disability,* and for a period of not to exceed six years, etc. * * *.

At that time the *temporary disability* statute that immediately preceded the above section,[5] read as follows:

* * * In no case shall such compensation continue for more than six years from the *date of the injury* * * *.

In 1939 the legislature amended the section on *partial disability* to read as follows:[6]

* * * the employee shall receive, during such disability, and for a period of not to exceed six years *from the date of the injury,* etc. * * *.

1. See prior statutes, leading up to the Section: Sec. 42–1–62, Utah Code Annotated 1943 and 1933.
2. 116 Utah 305, 209 P.2d 571 (1949).
3. 89 Utah 561, 58 P.2d 15 (1936).
4. Sec. 42–1–62, Revised Statutes of Utah 1933.
5. Sec. 42–1–61, Revised Statutes of Utah 1933. (Sec. 35–1–65, U.C.A.1953).
6. Chap. 51, Laws of Utah 1939. (Sec. 42–1–62, Utah Code Annotated, 1943).

The Hardy case did not discuss the temporary disability statute, apparently because, although Mr. Hardy seemed to have been *temporarily* disabled as well as *partially* disabled, the court considered that the wording of the *temporary · disability* statute represented a true limitations statute, rendering uncompensable any disability developed more than six years after the date of the injury, or accident.

██ It seems inescapable to conclude other than that the 1939 legislature intended to meet the interpretation of the Hardy case by clearing up the question as to time when a claim must be presented, and to indicate that when an industrial accident occurs on a certain date, any disability resulting therefrom is compensable during six years after such accident occurred, and to make uniform the partial disability and temporary disability sections as to duration of payment of compensation.

It seems significant that the Apex case did not decide the issue posed in the Hardy case, and that there appears to be no Utah case to date that has or could have followed the latter case after the 1939 amendment, except on some rare occasion, such as voluntary conferral of authority to decide a matter as appears to be the case in Apex.

7. 115 Utah 550, 206 P.2d 715 (1949).

It seems significant also that in McKee v. Industrial Commission [7] in a case involving the filing of a claim within three years [8] which provides that:

"If no claim for compensation is filed with the Industrial Commission within three years from the date of the accident or the date of the last payment of compensation, the right to compensation shall be wholly barred,"

the author had this to say:

"Regardless of the decisions rendered by this court prior to 1939, the law now is that the limitation statute begins to run from the date of the accident or from the date of the last payment of compensation."

In a concurring opinion in the Apex case, Mr. Justice Wolfe had this to say:

"Furthermore, there are comparatively few cases where disability arises more than three years *after the accident* or recurs three years after the last payment. And as to those cases the statute was meant to provide for a period after which the insurance carrier could safely cease to carry reserves against a definite accident. The matter of whether an over-all period of three years is too short *is for the legislature*. There will undoubtedly be cases of hardship

8. Sec. 42–1–92, Utah Code Annotated 1943; Jones v. Industrial Commission, 17 Utah 2d 28, 404 P.2d 27 (1965).

where a man will suffer a residual disability from an old injury."

We agree with both of these quotations and can see no difference in logic, philosophy or legislative intent since 1939, as to the six-year limitation.

■ Defendants in this case say that Sec. 42–1–72, Utah Code Annotated 1943 (35–1–78, Utah Code Annotated 1953) overrides the six-year limitation statutes when it says that:

"The powers and jurisdiction of the commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings, or orders with respect thereto, as in its opinion may be justified."

We have no quarrel with the above statute, but construe it to mean the Commission has continuing jurisdiction only during the period of the limitations statutes mentioned above,[9] and has nothing to do with the abrogation of or exception to such limitations statutes. Our conclusion about legislative intent seems to be borne out by Sec. 35–1–78, U.C.A.1953, which allows for destruction of records after 10 years, at the discretion of the Commission.

■■ We think the review in this case is well taken for several reasons: 1) The Apex case is not pertinent; 2) the three-year limitations statute is applicable; 3) the six-year statute is applicable, if, for no other reason than that Nielsen, in accepting the lump sum settlement at his own instance and request, did so in exchange for and in lieu of any six-year compensation to which he would be entitled, thus exhausting his claim; 4) that the three and six-year statutes are ones of repose, which we think the legislature intended should terminate, not encourage protraction of claims,—otherwise, an employer could and would be an insurer for the natural lives of its employees, based on real or imaginary discoveries of erstwhile latent injuries; 5) that the Workmens Compensation Laws were and are designed to provide sustenance to a family for a statutory time until it can become readjusted in industry; and 6) that Nielsen, in his own application set both the date of injury *and* disability at the same time, so that really there is no problem as to dates of accident, disability or discovery. (Emphasis ours.)

CROCKETT, C. J., and CALLISTER and TUCKETT, JJ., concur.

ELLETT, Justice (dissenting).

I dissent.

In this case Paul D. Nielsen sustained a compensable injury in 1952. He was awarded compensation at the rate of $30.25

---

**9.** West's Ann.Calif.Codes, Labor, Sec. 5410.

per week for a period of 124¾ weeks. The payment for the last 54 weeks was discounted at 3 per cent compounded annually and paid to him in a lump sum. Almost 13 years later the old injury to his knee flared up, and he had his knee cap removed, along with other operative procedures on his leg, on April 12, 1965. The plaintiff herein paid the expenses of that operation. However, complications arose because of the operation, and he has sustained ulnar injuries amounting to 13 per cent of the total man. The testimony before the Industrial Commission warranted a finding that the ulnar disorder resulted from the knee operation, and the knee operation was a result of the compensable injury sustained in 1952. At a hearing on May 4, 1966, the Industrial Commission ordered the plaintiff herein to pay 24 weeks additional payments of $30.25 each.

Before the Commission the plaintiff denied liability because, among other things, the statute of limitations had run and the Commission exceeded its authority in making the order.

The question we have to determine then is the interpretation we should place upon Section 35–1–66, Utah Code Annotated 1953, which so far as material here was Section 42–1–62, Utah Code Annotated 1943. That section in substance provides: "Where the injury causes partial disability for work, the employee shall receive, during such disability, and for a period of not to exceed six years from the date of the injury, a weekly compensation * * *."

A similar matter was before the Supreme Court in the case of Utah Apex Mining Company, et al, v. Industrial Commission, et al, 116 Utah 305, 209 P.2d 571. In that case one Petersen sustained injuries on May 20, 1931, while an employee of the Utah Apex Mining Company. There was a dispute as to whether or not the Industrial Commission had jurisdiction to make an award. That dispute was not material to the part of the case in which we are now interested. Petersen continued in the employ of Utah Apex Mining Company until 1938 and submitted himself to a doctor generally once a month. The doctor testified that the leg was never entirely free from infection during any of this period. On December 29, 1947, the doctor informed the Utah Apex Mining Company that he had hospitalized Petersen because of osteomyelitis of the left leg and that this condition was a residual of the original injury.

The Utah Apex Mining Company contended that the Industrial Commission could not act in the matter because Petersen's right was barred under the provision of Section 42–1–61, R.S.U.1933, which statute applied to the recovery of temporary disability and so far as material reads.

as follows: "In case of temporary disability the employee shall receive 60 per cent of his average weekly wages so long as such disability is total * * *. In no case shall such compensation continue for more than six years from the date of the injury."

At page 311 of the 116 Utah Reports, at page 574 of 209 P.2d this court said:

Section 42–1–61 must be read in the light of 42–1–72 R.S.U.1933. That statute provides that the jurisdiction of the Commission in compensation cases shall be continuing without mention of any period of time after which that jurisdiction shall come to an end. That statute provides:

The powers and jurisdiction of the commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings, or orders with respect thereto, as in its opinion may be justified.

The case of Hardy v. Industrial Commission, 89 Utah 561, 58 P.2d 15, 17, is instructive of the manner in which these sections are to be resolved. In that case it was urged that under 42–1–62, R.S.U.1933, the Commission lost jurisdiction upon the expiration of six years from the date of the injury. The principal difference between that statute and the section preceding it, which is the statute here involved, is that Section 62 announces the law applicable in cases of partial disability whereas Section 61 covers cases of temporary disability. However, the statutes are, in substance, identical when we limit our consideration to the provision that payment of compensation shall not continue for more than six years from the date of the injury. Inasmuch as this is the only provision in either statute with which we are here concerned, the reasoning of this court in that case is applicable here. We there held that the provision that payment of compensation should not continue for more than six years from the date of the injury was only meant to fix the period during which payment is to extend, that is, the disability period, and that it was not in conflict with 42–1–72, supra, which provides that the jurisdiction of the Commission shall be continuing. We there said:

We discover no conflict between section 42–1–62 and section 42–1–72, supra. The latter section is one relating to jurisdiction only. The former relates to the amount to be paid and the period during which the payment shall extend. "Where the injury causes partial disability for work, the employee shall receive during such disability and for a period of not to exceed six years" the compensation

provided for by the statute. Reading the whole section, it is apparent the part under consideration and last above quoted has the same effect and meaning as though it read: "When the injury causes partial disability for work, the employee shall receive, during such disability * * * not to exceed six years, the compensation specified."

The limitation provided by the section relates to the disability period and not the calendar period dating from the injury.

The facts in the case of Hardy v. Industrial Commission cited above are as follows:

Hardy sustained a compensable injury on October 25, 1927. His insurance carrier assumed liability and paid compensation including the necessary medical expenses incurred in healing the injury. At the conclusion of the period of temporary disability and at the time applicant was discharged, it was recommended by the attending physician that a further operation be performed. The insurance carrier agreed at that time, to wit, during the winter of 1929 and 1930, to pay the costs of such operation ordered to be performed. However, the operation was not performed at that time and was not called to the attention of either the employer or its insurance carrier until more than six years

had elapsed after the initial injury and only after the application had gone to another surgeon and had the operation performed. The insurance carrier was then requested to pay for the operation and other medical care incident to the operation. Hardy made application for further compensation, all of which was after the elapse of more than six years from the date of the injury.

The insurance carrier denied liability and claimed that Section 42–1–62, R.S.U. 1933, which is now 35–1–66, U.C.A.1953, prevented the Commission from making an award after the expiration of six years from the date of the injury.

In disposing of the contention, this court at page 567 of the Utah Reports, at page 17 of 58 P.2d used the following language:

It would be an unusual construction to say that an employee injured by accident in the course of his employment should be denied compensation because an injury had apparently been surgically cured, but which was in fact quiescent for a period and without an additional injury, but, in the course of progress of the injury, it again became a disability precluding remunerative employment, that the employee should be denied compensation for the subsequent period. Some injuries apparently only temporary become permanent, and disabling injuries for a period may be partial and

then become total. Injuries thought to be total may become temporary and even complete recovery may result. * * *

In the instant case, the application and the hearing thereon, acceptance of liability by the carrier placed the matter under the jurisdiction of the commission, and whether there were express findings or an award or not, the commission had power and jurisdiction to make or deny an award as the merits of the case might determine. It is just as important that the commission should have an opportunity to reconsider its findings or to make findings if the making of findings has been temporarily unnecessary because of agreement as it is to review and consider its findings on a previous award when new conditions required the exercise of the continuing jurisdiction conferred by the statute.

In that case the Industrial Commission had refused to make an award because it assumed the position now taken by the plaintiff herein. The order of the Industrial Commission was vacated, and the cause was remanded for further proceedings.

I think these two cases dispose of the contention made by plaintiff and require us to hold that the six-year limitation is a limitation upon the number of payments which can be made to an injured workman and has nothing to do with when payments must be stopped. To hold otherwise would lead to a unique situation if the injury was not disabling for a period of five years, and by the time the hearings were terminated the six-year period would have passed. Such could not have been in contemplation of the Legislature in enacting the statute.

It should also be noted that the Industrial Commission has interpreted the statute involved herein to mean casualty years. and not a period of limitation, and since this holding of the Commission has been continuous for some 27 years, the Legislature by not changing this statute would. have given its tacit approval to the interpretation placed thereon by the Commission. Of course, if the holding of the Commission was clearly at variance with the law, we would not hesitate to strike it down, although long acquiescence might have been given to the interpretation. In this case I think the interpretation placed by the Commission is correct, and the order of the Commission should be affirmed.