**KENNECOTT COPPER CORPORA-
TION, Plaintiff,**

v.

**The INDUSTRIAL COMMISSION of Utah
and Irene W. Peay, widow of Justin W.
Peay, Deceased, Defendants.**

**No. 13676.**

Supreme Court of Utah.

Nov. 26, 1974.

James B. Lee and Erie V. Boorman of
Parsons, Behle & Latimer, Salt Lake City,
for plaintiff.

Vernon B. Romney, Atty. Gen., Frank
V. Nelson, Asst. Atty. Gen., for Industrial
Commission.

Andrew R. Hurley, Salt Lake City, for
Irene W. Peay.

TUCKETT, Justice:

This is an original proceeding in this
court to review an award of the Industrial
Commission to Irene W. Peay for the buri-
al expenses of her late husband.

Justin W. Peay worked at the Arthur
Plant of the Kennecott Corporation from
March 1930 until June 30, 1956. On June
21, 1956, the Industrial Commission made
and entered an order of total permanent
disability of Justin W. Peay due to third
degree silicosis with inactive tuberculosis
and the plaintiff was ordered to pay week-
ly compensation beginning July 1, 1956, for
a period of five years but not to exceed
the sum of $12,100, the maximum provided
for by the statute. Plaintiff continued to
make the payments until the sum of
$12,100 was paid and thereafter Peay con-
tinued to receive compensation payments
from the Combined Injury Benefit Fund
until he died at the age of 84, on January
11, 1973. On February 22, 1974, the Com-
mission entered an order requiring the
plaintiff to pay the sum of $450 to Irene
W. Peay for burial expenses for her late
husband, Justin W. Peay. Plaintiff is here
seeking a review of that order.

It is the plaintiff's contention here that
the award of·burial expenses is barred by
the provisions of Section 35–2–13(a)(3),
Utah Code Annotated 1953, which reads as
follows:

No compensation shall be paid in case
of silicosis unless during the fifteen
years immediately preceding the disa-
blement, the injured employee shall have
been exposed to harmful quantities of
silicon dioxide ($SiO_2$) dust for a total
period of not less than five years in this
state and ·unless total disability results
within (a) three years in case of silicosis
not complicated by active tuberculosis, or
(b) five years in case of silicosis compli-

cated by active tuberculosis, from the last day upon which the employee actually worked for the employer against whom compensation is claimed.

Section 35-2-12(b) defines the word "compensation" as the payments and benefits provided for in this act.

The award of burial expenses was made by the Commission pursuant to the provisions of Section 35-2-15(10), Utah Code Annotated 1953, as amended, which reads in part as follows:

> The benefits to which a disabled employee or his dependents shall be entitled under this act . . . are to be limited as follows:
>
> * * * * * *
>
> (10) In case death results from such occupational disease the employer shall pay not to exceed $1,000 burial expenses.

The defendants contend that the award of burial expenses is not limited by the restrictions of Section 35-2-13(a)(3). The defendants rely on the case of Kennecott Copper Corporation v. Anderson [1] which arose under the Workmen's Compensation Statute wherein this court ruled that the statute imposing a six year limitation on compensation did not bar an award for medical and hospital expenses after the six year period. It appears that the decision in that case, as well as the dissent of Mr. Justice Ellett in the case of The United States Smelting, Refining and Mining Company v. Nielsen,[2] was based in a large degree upon the provisions of Section 35-1-78 which give the Commission continuing powers and jurisdiction to make modifications and changes with respect to former findings, or orders with respect thereto, as in its opinion may be justified. The Occupational Disease Act does not include a similar provision.

We conclude that the award for burial expenses is barred by the provisions of Section 35-2-13, Utah Code Annotated

1953, and the same is hereby set aside. No costs awarded.

CALLISTER, C. J., and HENRIOD, and CROCKETT, JJ., concur.

ELLETT, Justice (dissenting).

I dissent.

In 1956 Justin W. Peay was completely and permanently disabled because of silicosis, which developed while he was an employee of Kennecott Copper Corporation. He was awarded maximum compensation under the occupational disease statutes [1] of this state. He died in 1973 at the age of 84, almost 17 years after he last worked for Kennecott.

Kennecott maintains its own compensation insurance program, and the Industrial Commission ordered it to pay to Irene W. Peay, the widow of Justin W. Peay, the sum of $450 as burial expenses.

The plaintiff contends that no award can be made toward burial expenses because death did not occur within five years from the last day which the deceased worked at his job.

The statute which Kennecott asserts is a bar to the award in Section 35-2-13(a)(3), which is set forth in the main opinion.

This part of the statute merely states the conditions which must have existed in order to entitle an *employee* to receive compensation during his lifetime. It has no application to death benefits, and there is no contention made that Justin W. Peay did not qualify for and receive the maximum statutory compensation award.

Subsection (b)(3) of the cited statute provides for death benefits to *dependents* under certain circumstances, to wit: Subsection (b)(3)(a) awards death benefits when the employee is totally and permanently disabled and where compensation has been paid or awarded. There is no time limitation in such a case. Subsection (b)(3)(b) permits an award to be made to

---

1. 30 Utah 2d 102, 514 P.2d 217.

2. 19 Utah 2d 239, 430 P.2d 162.

1. Title 35, Chapter 2, U.C.A.1953 as amended.

dependents where death results within five years from the last work but does not require that an award be made to the employee nor that he be totally and permanently disabled.

The section which does control here is Section 35–2–15(e) enacted by Chapter 77, Laws of Utah 1971, which was the statute in force and effect when Justin W. Peay died. It reads: "In case death results from such occupational disease the employer shall pay not to excees $1,000 burial expenses."

I think the Industrial Commission acted within its lawful powers when it awarded burial expenses in the sum of $450. I would affirm the award as made.