Argued October 29, affirmed December 31, 1965

# SMELSER *v.* PIRTLE

409 P. 2d 340

*Kenneth A. Morrow,* Eugene, argued the cause for appellant. With him on the brief were Venn, Mulder, Morrow & McCrea, Eugene.

*John L. Luvaas,* Eugene, argued the cause for respondent. On the brief were Luvaas, Cobb & Richards, Eugene.

Before McALLISTER, Chief Justice, and PERRY,* DENECKE, HOLMAN and SCHWAB, Justices.

HOLMAN, J.

Plaintiff brought an action for damages for personal injuries claimed to have been incurred as a result of defendant's negligent operation of a motor vehicle. Plaintiff appealed from a judgment for defendant entered on a jury verdict.

All vehicles involved were traveling in an easterly direction on Highway 30 a short distance west of the town of Boardman. A State Police officer had stopped a car pulling a trailer. The car and trailer and the police vehicle were on the right hand shoulder of the road off the main traveled portion and were not involved in the accident. Another vehicle, operated by a friend of the driver of the car pulling the trailer, passed the parked vehicles, applied her brakes and pulled to the right hand shoulder. While this was being done a following vehicle stopped in the right hand lane of traffic. Plaintiff stopped her car behind this vehicle. She was struck in the rear by a vehicle

---

* Perry, J., did not participate in this decision.

operated by defendant who was also rear-ended by still another vehicle. There was a dispute in the evidence as to whether defendant's vehicle was struck in the rear before or after he hit plaintiff. There was evidence from which the jury could have found that in any event defendant's vehicle would have been driven into plaintiff's vehicle by the impact from the vehicle behind defendant.

■ Plaintiff charges as error an instruction on proximate cause. The jury was told that for defendant's negligence to be the cause of plaintiff's damage it must have been a cause without which the damage would not have occurred. This is known as the "but for" rule. In order to find causation the jury must find that "but for" the defendant's negligence the damage to plaintiff would not have occurred.

Plaintiff's stated position is that "the 'but for' rule fails where each of two independent causes, acting alone and without the other, are [sic] capable of producing the damage * * *" and "that the evidence established that the damage would have occurred without the negligence of the defendant since the Morton car [which rear-ended defendant] would have forced the defendant's car into plaintiff's car anyway."

Plaintiff claimed defendant negligently operated his car and collided with the rear of plaintiff's vehicle. Defendant claimed he was driven into it by the impact from behind. It was one or the other. The fallacy in plaintiff's position is her claim that "* * * the damage would have occurred without the negligence of defendant * * *" is not literally true. The claimed damage for which plaintiff seeks redress is that which defendant caused by negligently operating his vehicle into hers. She does not attempt to nor can she recover for damage caused by defendant's vehicle if it was

propelled into hers by the act of another. It is true that there was evidence that some damage (perhaps more, less, or equal) would have occurred in any event *but this was not the damage for which plaintiff seeks recompense.* The damage for which plaintiff brought action is not the damage which would have occurred if defendant's vehicle was propelled into plaintiff's. It is a *similar but not identical* result which would have followed in any event.

There is a situation where the "but for" instruction on causation fails. It is described as follows in Prosser, Torts, § 41, at 243 (3d ed 1964):

> "Restricted to the question of causation alone, and regarded merely as a rule of exclusion, the 'but for' rule serves to explain the greater number of cases; but there is one type of situation in which it fails. If two causes concur to bring about an event, and either one of them, operating alone, would have been sufficient to cause the identical result, some other test is needed. Two motorcycles simultaneously pass the plaintiff's horse, which is frightened and runs away; either one alone would have caused the fright. * * * In such cases it is clear that each cause has played a part in the result, and it is also clear that neither can be absolved from responsibility upon the ground that the harm would have occurred without it, or there would be no liability at all."

Prosser, after a discussion of the "substantial factor" test as applied to such situations, then states, at 244, as follows:

> "Such a test is clearly an improvement over the 'but for' rule. It disposes of the cases mentioned above [where two causes concur to bring about an event], and likewise of the difficulties presented by the type of case where a similar, but not identical result would have followed without the defendant's act * * *."

He does not discuss it further. He does not say the "but for" rule is improper in such a case, merely that it can give rise to "difficulties." This court is now faced with them. It will be noted that he says that there is only *one* situation in which the "but for" rule is clearly inapplicable. This is where two causes concur to bring about an event and either, operating alone, would have been s u f f i c i e n t to cause the identical result.

■ It will have to be admitted that it would be possible for laymen to be confused by the giving of the "but for" instruction in this case. They might not be able to make the fine distinction between a similar and identical damage and thus believe that if some damage, other than that sued for, would have resulted to plaintiff anyway, the defendant was absolved. However, we cannot say that it was technically incorrect. Because of the considerable chance that, under the circumstances here, it might be misunderstood it was not a very practical instruction. However, it is not technically incorrect and therefore we do not consider it reversible error.

The plaintiff also assigns as error the giving of the following instruction:

"If the evidence shows two or more equal probable causes of the accident for not all of which the defendant is responsible, then in such event the defendant cannot be held liable. If the evidence leaves it just as probable that the accident occurred through some other means other than the alleged negligence of the defendant, then of course you must find for the defendant."

She contends that the instruction violates the rule that "where several causes combine to produce injuries, a person is not relieved of liability because he is responsible for only one of them."

■ Plaintiff made no claim that there were any joint tort feasors. Plaintiff's case was tried on the basis of defendant's negligence. It was defended on the basis that defendant was not negligent and someone else caused the damage. The instruction was given as part of the instruction on preponderance of the evidence. It merely told the jury that plaintiff had not carried the burden of proving causation by a preponderance of the evidence if they believed it were equally probable that the acts of another had caused plaintiff's damage. It could not be misunderstood, as claimed by plaintiff, when considered with the instruction which the court also gave concerning defendant's actions that "* * * such negligence need not be the only cause, but must be one of them * * *."

The judgment of the trial court is affirmed.