434 P.2d 449

Curtis I. GORD, Plaintiff and Respondent,

v.

SALT LAKE CITY, Utah, a municipal corporation, et al., Defendants and Appellant.

No. 10857.

Supreme Court of Utah.

Nov. 27, 1967.

Paul G. Grant, Asst. City Atty., Salt Lake City, for appellant.

A. W. Sandack, Salt Lake City, for respondent.

CROCKETT, Chief Justice.

Defendant Salt Lake City appeals from a ruling of the district court that it must reinstate the plaintiff, Curtis I. Gord, after his discharge as an employee at the Salt Lake City Cemetery.

Plaintiff's discharge by the superintendent on January 13, 1967, for misconduct appears to have arisen out of some horseplay involving himself and two other employees: one squirting oil on the plaintiff with an oil gun, another intervening and hurting the first with a sharp pointed hammer. When questioned by their supervisor about a bloody hand, they told him that the injured man had caught his hand on a nail. Aside from complicity in the affair, the main fault imputed to the plaintiff seems to have been his refusal to disclose the true facts upon questioning by his supervisor.

After his discharge the plaintiff appealed to the City Employees' Appeal Board as permitted by Sec. 49–2–5, U.C.A. 1953, which Board voted four to one for reinstatement, "due to the fact that Mr. Gord has been a good employee in the past and this is his first infraction." However, upon its consideration of the matter the City Commission voted three to one to sustain the discharge by the superintendent.

The plaintiff does not raise any issue here as to the sufficiency of the grounds for his dismissal in the first instance. His position in this proceeding is that under the statute, the Appeal Board's decision is final; and that the City Commission had no choice but to sustain it. The question as to the respective prerogatives of the Employees' Appeal Board and the City Commission rests upon these provisions of the statutes.

\* \* \* where any such officer or employee is discharged \* \* \* for any reason, he shall have the right to appeal \* \* \* to a board to be known as the appeal board which shall consist of five members, three of whom shall be chosen by and from the appointive officers and employees, and two of whom shall be members of the board of city commissioners.

\* \* \* \* \* \*

*In the event the appeal board shall uphold such discharge \* \* \* the case shall be closed and no further proceedings shall be had. In the event the appeal board does not uphold such discharge \* \* \* then such officer or employee may have 15 days thereafter to appeal to said governing body* [city commission] *whose decision shall be final.*

\* \* \* The board may, in its decision, provide that an employee shall receive his salary for the period of time during which he is discharged \* \* \* but not to exceed a fifteen day period. In no case shall such appointive officer or employee be discharged \* \* \* where an appeal is taken, except upon a concurrence of at least a majority of the membership of the governing body of said city.

In the event that the appeal board does not uphold such discharge, \* \* \* [s]aid employee shall be paid his salary, commencing with the next working day following the certification by the city recorder of the appeal board's decision, provided that the employee \* \* \* reports for his assigned duties during the next working day.[1]

The position of the plaintiff is that the literal wording of the statute above quoted must be in error wherein it states that if "the appeal board shall uphold the [employee's] discharge the case shall be closed and no further proceedings shall be had," but that if the Board "does not uphold such discharge" the employee has fifteen days to appeal to the City Commission. He urges that it would only be where the discharge was sustained that an employee would want to appeal further. The district judge accepted this premise and ruled that the legislature had intended the statute to read that the case would be closed if the Appeal Board "shall *not*" uphold the discharge, but that the employee could appeal to the City Commission if the Appeal Board "does" uphold the discharge, thus taking the "not" out of the second sentence and placing it into the first, and changing the meaning of the two sentences to the exact opposite of their wording.

Before proceeding to our analysis of this argument, and the action of the trial court, some observations are appropriate which condition our approach to the problem. The enactment of the statute prescribing this procedure is the legislature prerogative. It carries with it the presumptions that it is valid, and that the words and phrases were chosen advisely to express the legislative intent.[2] The statute should not be stricken down nor

---

1. Utah Code Ann. 49-2-5 (1953).

2. 50 Am.Jur., Statutes, §§ 357, 358 (1944) ; 2 Sutherland, Statutory Construction, § 4705 (3d ed. 1943).

applied other than in accordance with its literal wording unless it is so unclear or confused as to be wholly beyond reason, or inoperable, or it contravenes some basic constitutional right. If it meets these tests it is not the court's prerogative to consider its wisdom, or its effectiveness, nor even the reasonableness or orderliness of the procedure set forth, but it has a duty to let it operate as the legislature has provided.

Looking at this statute in the light of the precepts just stated, it does not impress us as unreasonable as it does plaintiff for the statute to provide that the discharged employee may appeal to the City Commission if he wins before the Appeal Board. The fallacy in the plaintiff's assumption that if the Appeal Board rules for him, that is, "does not uphold such discharge," he is automatically reinstated, is that it presupposes that the Appeal Board has the final say. But looking at the statute as a whole, as it should be, it is not entirely unreasonable to apply it as written and grant him an appeal only when the Appeal Board has disagreed with the superior who discharged him. The effect of this is that the City Commission will not need to concern itself with every discharged by his supervisor, and upon a hear-grieved. Where an employee has been discharged by his supervisor, and upon hearing before the Appeal Board, the majority of which are his fellow employees, it is agreed that his discharge was justified, then his case is closed and he is entitled to no further review. But if the employee is able to persuade the Appeal Board that he should be reinstated, that is, if "the Appeal Board does not uphold such discharge," his case would then be deemed to have sufficient merit that he can claim the attention of the City Commission itself. It is in that event that the "employee may have 15 days thereafter to appeal to said governing body [City Commission] whose decision *shall be final.*" The advantage of this view is that it gives effect to the statute in accordance with its language, and does not require distorting it to the opposite effect as urged by the plaintiff; and furthermore, it makes good sense to place the final decision in the City Commission, as the statute states, rather than in the employee-dominated Appeal Board as desired by the plaintiff.

In support of his position that when the Appeal Board had acted in his favor it was final, plaintiff makes the further argument that unless his view is taken there are other incongruities in the statute in the provision that if the Board does not uphold the discharge, the Board may award the employee salary for the time of his discharge (not to exceed 15 days); and the further provision that after such decision by the Board, the employee may return to work the following day and may receive his

salary. We see no insuperable difficulty in these provisions. It apparently was thought that once the employee has obtained a favorable vote of the Appeal Board, it would be well that his actual discharge be held in abeyance until finally ruled upon by the City Commission. This would have advantages for both employer and employee: it would eliminate the necessity of hiring, and perhaps training, another employee; and it would allow the employee the privilege of working and receiving his salary, which would defer the necessity of his seeking other employment, until the final determination had been made. It is thus not unreasonable to deduce that these provisions with respect to the awarding of salary were to apply when there is an appeal to the City Commission. The Board would rule that he is entitled to salary only when it recommended reinstatement anyway. In any event, whatever the Appeal Board rules upon the matter, it would have no better standing than the rest of the Appeal Board's decision and therefore would be subject to the same final determination by the City Commission. Moreover, whatever the effect of giving the Board authority relating to salary, it should not be deemed to nullify the authority clearly given to the City Commission to make the final ruling on the employee's discharge.

What has just been said correlates with our view of the next point argued by plaintiff: that if no further proceedings can be had when the Appeal Board upholds his discharge, as the statute states, there is inconsistency in the provision that "where an appeal is taken" an employee cannot be discharged without the concurrence of a majority of the City Commission. The difficulty with this argument is that it assumes that the phrase "when an appeal is taken" refers to an appeal to the Appeal Board. It will be noted that the statute does not so state, but if looked at in its full context this provision will be seen to apply only to the appeal to the City Commission. The sequence of the statute so indicates. The provision that the employee cannot be discharged without a concurrence of a majority of the Commission follows immediately after the provision for the appeal to the City Commission. Further, it would only be upon an appeal to the City Commission that they would be voting upon the matter. Finally, by so applying the statute, the inconsistency claimed by the plaintiff is eliminated.[3]

■ In addition to the matters heretofore discussed, there is another proposition which cogently supports the position of the City. The responsibility for the operation of the city government rests with the City

3. That statutes should be so construed as to be internally consistent, see 50 Am.Jur., Statutes, § 363 (1944).

Commission who are elected by and responsible to the public. It therefore seems reasonable to assume that the legislature intended that it have the final voice in policy-making decisions as the statute expressly states. If the action of the Appeal Board in reinstating an employee were final as plaintiff contends, the ability of the City Commission to fulfill the responsibilities imposed upon it would be seriously impaired. It was undoubtedly to prevent such impairment, and to keep responsibility where it belongs that our Constitution provides that the legislature may not delegate municipal functions to any special commission.[4] Furthermore, if the legislature had intended the statute to be so applied that the Appeal Board, a majority of which are fellow employees, should have final authority to make such a determination, there may well be a serious doubt as to whether this constitutional provision would be infringed.[5] Where there are possible alternatives as to the interpretation and application of a statute, one of which will render it constitutional and the other will render its constitutionality doubtful, the former should be chosen.[6]

■ The statute here under scrutiny concededly leaves something to be desired in the way of clarity, and perhaps in making sense to us as to the procedure prescribed. If it is looked at from the point of view desired by the plaintiff, in an attempt to make it seem incongruous and confusing, that result may seem to eventuate. But upon our consideration of it in consonance with what we conceive to be our duty, with some understanding and indulgence and in the light of the principles hereinabove set forth, it is our conclusion that it is sufficiently clear and operable to be applied in accordance with its language as discussed herein, so that the final ruling on the plaintiff's discharge rested with the City Commission. That body having upheld the discharge, its determination should be affirmed. It is so ordered. The parties to bear their own costs. (Emphasis added.)

CALLISTER, TUCKETT, and ELLETT, JJ., concur.

HENRIOD Justice (dissenting).

I dissent, for the following reasons:

1. There seems to be no necessity for the main opinion setting forth at length the statute (49–2–5), which is the meat of this case, or to set out what I believe to be

---

4. Constitution of Utah, Art. VI, § 29.
5. See discussion in State Water Pollution Control Board v. Salt Lake City, 6 Utah 2d 247, 311 P.2d 370, and Logan City v. Public Utilities Comm., 72 Utah 536, 271 P. 961.

6. State Water Pollution Control Board v. Salt Lake City, supra; Howe v. State Tax Comm., 10 Utah 2d 362, 353 P.2d 468; 2 Sutherland, Statutory Construction, § 4509 (3d ed. 1943).

rather elusive interpretations of its terms. It is obvious to me in reading the opinion that is says the statute can be ignored completely by the City Commission, because the Commission has the *final* say. If this be true, the statute is of no consequence and is impotent, as are the Appeal Board members. They may as well resign for lack of any authority whatever.

2. Throughout the opinion, which seems to say the statute is valid, albeit impotent, it talks about the employee's right to appeal. It seems to make some sort of distinction as to whether the appeal is to the Appeal Board or the Commission. Irrespective of *such* distinction the *right of appeal is reserved to the employee only,—no one else.* In this case *the employee did not appeal* to the Commission at all, so that if the main opinion says the statute is valid, the provisions thereof were not complied with for lack of an appellant. Nowhere in the statute is there a provision that the Commission may act sua sponte. This should resolve the matter in this case in favor of the employee.

3. The argument in the opinion to the effect that final decision with respect to hiring and firing is in the Commission and not in the Appeal Board, and that it seems reasonable to believe the legislature meant just that in every case, runs counter to the legislature's interdiction, (even assuming that the knotty misplaced "nots" judicially could be juggled about at will to arrive at a desired result). The legislature said that (no matter what the interpretation) in one case at least, after a decision of the Appeal Board *"the case shall be closed and no further proceedings shall be had."* If this language means nothing to this court, it should be held to be unconstitutional by specific decree, particularly since in upholding the Commission's decision it must mean, by implication, at least, that such language is an unconstitutional fringe benefit.

4. The main opinion, in upholding the Commission, and in reversing the trial court, does exactly, by way of statutory construction, as did the trial court when it says the statute, *read as a whole,* (as did the trial court) is acceptable. In doing so the main opinion of necessity has to concede that the "nots" were misplaced and must be replaced even though the legislature said otherwise. In short, the main opinion accepts the trial court's decision, then rejects it, for some other reason. This court, therefore, should recognize, with proper language, the accuracy of the trial court's decision, but embellish it with a proper statement that the trial court, being right, was nonetheless wrong because he failed to point out where he was wrong with respect to other aspects of the case.

5. In saying the "nots" should be shuffled around to establish legislative intent, the court departs from principles of statutory construction. I take it that the ju-

diciary will not construe a statute unless it is ambiguous or uncertain, or the result of an obvious omission or mistake. There is no such situation here, where the language is clear and unmistakable. If the legislature wants to say "white" and we think it meant to say "pink," there is no uncertainty, and it is the legislature's prerogative to say "white." In this case I can see at least one reason why the legislature may have used the language advisedly,—perhaps to avoid the very problem suggested in the main opinion anent unconstitutionality based on Article VI, Section 29, Utah Constitution wtih respect to delegating powers to a special commission.

6. The main opinion, in approving the statute, indicates that the Appeal Board has *some* powers to perform municipal functions. If this be true, the statute violates Article VI, Section 29 of the Constitution in every respect except in procedural matters. Under such circumstances, this court should declare the statute unconstitutional, since, if tainted unconstitutionally in the major area, it cannot survive in the minor area.

7. The main opinion, in my opinion, confuses the meaning of this statute to the point where a laboring man or his counsel is on a raft without a rudder, which will float back to this court for aid in cleansing the muddy waters provoked.

8. The employee, under this decision should simply take the position that no matter what I do procedurally, and no matter what the Appeal Board does in my case the Commission has the *final* say, so I will appeal to the Commission in the first instance and skirt all this Appeal Board stuff, since the latter appears to be window dressing and unauthoritative.

I think the court should point out specifically where and why the Appeal Board is not a special commission, and talk about that phase of the case a little more.

In the meantime there having been no appellant here, Gord should prevail until further clarification in a proper proceeding.