437 P.2d 199

**UNITED STATES SMELTING, REFINING AND MINING COMPANY, Plaintiff,**

v.

**Paul D. NIELSEN, and the Industrial Commission of Utah, Defendants,**

**Utah State A.F.L.–C.I.O., Amicus Curiae.**

**No. 10703.**

Supreme Court of Utah.

Jan. 23, 1968.

Marr, Wilkins & Cannon, Salt Lake City, for plaintiff.

Phil L. Hansen, Atty. Gen., Salt Lake City, for defendants.

A. W. Sandack, Salt Lake City, for amicus curiae.

HENRIOD, Justice:

This case is here on petition for rehearing of Case No. 10703, this Court, United States Smelting, Refining & Mining Company v. Nielsen, and the Industrial Commission of Utah, 19 Utah 2d 239, 430 P.2d 162 (1967).

We reaffirm our decision in that case. In doing so, we subscribe to the concurring opinion of Mr. Chief Justice Crockett with

respect to explanation and further affirmation thereof.

CALLISTER and TUCKETT, JJ., concur.

CROCKETT, Chief Justice (concurring):

A rehearing was granted to re-examine the contention that the decision previously made [1] would have far-reaching effects in workmen's compensation cases. I adhere to the decision denying the award, but at the risk of being somewhat repetitious of ideas expressed in the original opinion, I desire to state my reasons for doing so. Before directing attention to them, I digress to state that I do not believe that that decision, the effect of which is confined to its own facts anyway, would have any such dire consequences as is urged by counsel amicus curiae. Actually there is a very small percentage of industrial injuries where there is a disabling injury, then a claim is filed with and allowed by the Industrial Commission, then the injury is quiescent for a long period of time (here 13 years), and a disability recurs caused from the original accident.

The particular fact situation here presented has an important bearing on the decision in this case. The employee, Mr. Nielsen, received his weekly award for his original injury to his knee and then accepted a lump sum settlement for the remainder so he could go into business for himself. After the lapse of about 13 years, he made a further claim upon the employer, who paid for his further surgery without objection. The disability to his arm, rated at 13 per cent, developed because of improper handling during the surgery. The attempt to extend coverage as far as this case does, is reminiscent of the old axiom that hard cases sometimes make bad law. It requires but little reflection to realize that if individual employees can impose undue and unreasonable burdens upon employers, this in the long run is hurtful to employees. Enterprises which provide employment must be treated fairly so they can operate on a solid foundation in order to create and continue jobs for their employees. Thus in the ultimate, what is fair and just for employers redounds to the benefit of everyone, including employees.

A fact which ought to be regarded as of controlling importance is that, as pointed out in our prior decision, "Nielsen, in accepting the lump sum settlement at his own instance and request, did so in exchange for and in lieu of any six-year compensation to which he would be entitled, thus exhausting his claim." Despite the fact that the law in the field of workmen's compensation is unique in some respects, the parties are still free to enter into and be bound by their contracts. No good

1. 19 Utah 2d 239, 430 P.2d 162.

reason appears why the contract thus entered into should not be given effect.

Nevertheless, in view of the total problem here presented, which includes the controversy which has developed over the interpretation and application of the statutes replied on by the respective parties, I deem it advisable to make some observations with respect thereto.

The requirement that an applicant for workmen's compensation must file his claim within three years as provided by Section 35-1-99 U.C.A.1953, is not here involved.[2] Our question relates to the filing of supplemental claim for recurrence of an injury. The statutory provision relied on by the defendant as indicating that there is no limitation of time in which to file such a claim is Section 35-1-78, U.C.A.1953, which provides:

> The powers and *jurisdiction of the commission* over each case *shall be continuing*, and it may from time to time make such modification or change with respect to former findings, or orders with respect thereto, as in its opinion may be justified, * * *.

Whereas, the section relied on by plaintiff as indicating to the contrary, that there is a limitation to the time in which such claims can be made, is Section 35-1-66, which provides:

Where the injury causes partial disability for work, the employee shall receive, during such disability and for a period of *not to exceed six years from the date of the injury*, * * * [compensation as stated].

█ Without repeating them here, it will be seen from the discussions in the prevailing and the dissenting opinions in the prior decision, that if the above sections are looked at separately, different conclusions can be arrived at as to limitation of time for making supplemental claims for workmen's compensation. But it is true here, as it is practically everywhere in the law, that all of the law is not stated and cannot be stated in one provision. These statutes must be looked at together, in the light of established rules of statutory construction, with a view to reconciling any apparent conflict and giving each of them effect according to their purpose insofar as that can be accomplished.

In considering which of the above statutes was intended to be given preference in the instant situation it is appropriate to examine the alternative effects. If Section 78 prevails as defendant contends, once the employee has filed his claim within three years, there is no limitation of time whatsoever in which to file any supplemental claim. This has the advantage that, when an employee has a recurrence of disability stemming from the original injury, he is

---

2. See Jones v. Industrial Comm. et al., 17 Utah 2d 28, 29, 404 P.2d 27.

protected against loss of supplemental compensation, or in some instances of receiving less than the total maximum of six years' compensation he might be entitled to. The unfavorable feature of this is that it requires the employer (or his insurer) to remain vulnerable to further liability indefinitely. This, in turn, involves long-term obligations: the maintenance of records, being concerned with the availability of evidence and witnesses, and the setting up and carrying of reserves to take care of the contingency of future recurrence of injuries. On the other hand, if the six-year limitation stated in Section 66 is given effect, the reverse is true. The supplemental protection to an employee is eliminated after the six years, and the disadvantages to the employer just mentioned are also eliminated in favor of some certainty as to the period of liability. It is well to keep in mind that since time immemorial, and quite universally throughout other areas of the law, the policy has been that there should be some definite period of time within which adverse claims must be asserted, so that possible controversies are sometime put at rest.

Returning attention to the language of the statutes in question: It will be noted that Section 78 is speaking somewhat generally about the continuing jurisdiction of the Commission to deal with claims before it, but does not say any particular duration of time in which that can be done. There is nothing in that section inconsistent with the idea that it means that the Commission may "from time to time make such changes with respect to former orders" which are within limitations of time otherwise prescribed. To ascertain the limitation of time, we then look at the language of Section 35–1–66, which states that, "the employee shall receive, during such disability and for a period of *not to exceed six years from the date of the injury*," compensation as listed therein. This language does speak specifically about time and seems quite plain in its meaning.[3] Again to save repetition, I refer to the explanation in the prior opinion that the emphasized language just quoted was an amendment enacted in 1939, long after Section 78 had been in existence in its present form, and after the decisions in the cases of Utah Apex Mining Co. v. Industrial Commission, 116 Utah 305, 209 P.2d 571 and Hardy v. Industrial Commission, 89 Utah 561, 58 P.2d 15.[4]

On the basis of the considerations I have discussed above, where the applicant had

3. That a statute dealing with a subject in specific terms takes preference over a general one see State ex rel. Public Service Comm. et al. v. Southern Pacific Co., 95 Utah 84, 79 P.2d 25 (1938); State v. Burnham, 87 Utah 445, 49 P.2d 963 (1935); Salt Lake City v. Salt Lake County, 60 Utah 423, 209 P. 207 (1922).

4. That a later enacted statute generally takes precedence over a former one see Becker Products Co. v. State Tax Comm., 89 Utah 587, 58 P.2d 36 (1936); Neldon v. Clark, 20 Utah 382, 59 P. 524 (1899); Pacific Intermountain Express Co. v. State Tax Comm., 7 Utah 2d 15, 316 P. 2d 549 (1958).

requested and accepted a lump sum settlement for his injury, and the claimed further disability occurred after a period of 13 years, and in the light of what I have said about the statutes relied upon by the parties, I think the decision reversing the award should be sustained. However, apart from the result in this case, in view of the difficulty which has been presented here as to the application of the two statutes in question, the question of any desired clarification may well commend itself to the attention of the legislature. (Emphasis added.)

ELLETT, Justice (dissenting):

I dissent. In addition to the reasons given in my dissent when this case was originally before us, I desire to make a few comments.

In the concurring opinion the statement is made that Mr. Nielsen had accepted a lump sum settlement so he could go into business. I cannot see that the transaction has anything to do with the matter now before us. He simply took a discounted lump sum value of the money he would have received had he taken it on the weekly basis. That money was for the injury which he then had. Now he has a permanent partial disability which is directly attributable to the prior injury. He filed his claim, and the Industrial Commission retains jurisdiction to make changes just to take care of a situation like that confronting Mr. Nielsen today. The plaintiff herein had no qualms about paying the surgical bill made necessary by the original injury, although some 13 years had elapsed. There is no claim made that this permanent disablement is not a result of the old injury. The claim is simply made that when a period of six years has elapsed since the date of the original injury, the insurer just does not have to pay anything to the injured workman.

The statement is made that the legislature perhaps should give its attention to an amendment to the statute. The legislature has already given its attention to the statute, and it is only this decision which hurts our conscience. We should hesitate to tell the legislature to follow Isaiah 35:8 and make the law so plain that "wayfaring men, * * * shall not err therein." I think the statute is clear enough as is.