493 P.2d 986

**UNITED STATES STEEL CORPORATION, Plaintiff,**

v.

**The INDUSTRIAL COMMISSION of Utah and William Zele, Sr., Defendants.**

**No. 12452.**

Supreme Court of Utah.

Feb. 8, 1972.

Parsons, Behle & Latimer, Erie V. Boorman, Jr., Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., Robert D. Moore, Gary E. Atkin, Salt Lake City, for defendants.

CALLISTER, Chief Justice:

Applicant, William Zele, Sr., was injured November 5, 1948; some time in 1949, according to the findings, he received an award for 10% partial disability for loss of bodily function. The Commission, under statutory authority in § 35–1–78, had de-stroyed these records, but defendants in their brief have conceded that the award in 1949 made no provision for future medical payments. The applicant testified that from the time he was originally released from the hospital, he had received treatment (urethral dilation) from his doctor. He was informed by his doctor that he would need these treatments for ten to fifteen years and perhaps for his lifetime. He further testified that prior to the award in 1949, he was reimbursed for his travel and medical expenses. After the award he continued to incur these same expenses; yet for twenty years he gave no notice and made no claim for reimbursement. In other words, at the time applicant received his award, he had knowledge that he would need continuous medical treatment of the same type for which he had previously received reimbursement; yet, he neither requested a provision for future medical payments at the time of the award nor did he apply for such a provision or for reimbursement for a period of twenty years thereafter.

The Industrial Commission, in its Denial of Motion For Review, upheld the order for reimbursement and affirmed the finding of the referee that applicant had filed a claim within the time period provided in § 35–1–99 so as to fulfill this requirement and, therefore, the Commission had continuing jurisdiction over this case to modify or change its former order in accord-

ance with § 35–1–78. The Commission stated:

> While it may be true the Applicant has gone to sleep on his rights in not requesting payment before now, there is no Statute of Limitations in the section providing for medical payments. The requirements that the treatment be necessary and result from the industrial accident appear to have been met . . .

In United States Smelting, Refining and Mining Co. v. Nielsen,[1] this court rejected the position of the Industrial Commission that once a claim had been timely filed in accordance with § 35–1–99 the Commission had continuing jurisdiction, § 35–1–78, and, thereafter, there was no limitation of time within which to file any supplemental claim.

This court observed that such an interpretation does give the applicant the advantage of being protected against loss of supplemental compensation. On the other hand, it requires the employer (or his insurer) to remain vulnerable to further liability indefinitely, which, in turn, involves long-term obligations, such as, the maintenance of records and the setting up and carrying of reserves for such contingencies. This court continued:

> . . . It is well to keep in mind that since time immemorial, and quite universally throughout other areas of the law, the policy has been that there should be some definite period of time within which adverse claims must be asserted, so that possible controversies are sometime put at rest.

Returning attention to the language of the statutes in question: It will be noted that Section 78 is speaking somewhat generally about the continuing jurisdiction of the Commission to deal with claims before it, but does not say any particular duration of time in which that can be done. There is nothing in that section inconsistent with the idea that it means that the Commission may "from time to time make such changes with respect to former orders" which are within limitations of time otherwise prescribed. To ascertain the limitation of time, we then look at the language of Section 35–1–66, which states that, "the employee shall receive, during such disability and for a period of *not to exceed six years from the date of the injury*," compensation as listed therein. This language does speak specifically about time and seems quite plain in its meaning . . .

Defendants assert that there is no limitation period for medical payments, since such period is not specified in the statute.

---

1. 20 Utah 2d 271, 273–274, 437 P.2d 199 (1968).

148

Section 35–1–81, U.C.A., 1953, as amended 1965, provides:

In *addition to the compensation provided for in this title* the employer or insurance carrier, . . . *shall* in ordinary cases *also be required to pay* such reasonable sum for medical, nurse and hospital services, and for medicines, . . . as may be necessary to treat the patient as in the judgment of the industrial commission may be just, . . . [Emphasis added]

By the express language of this statute, the legislature has designated medical expenses an additional item of compensation to be included in an award under the provisions of this title. Since applicant, in the instant case, would be precluded from an award of any supplemental compensation under the Nielsen case [2] because of the limitation period, it would be reasonable to conclude that the same limitation would apply to the additional item of compensation, namely, medical expenses. I can find no rational basis to hold that applicant is foreclosed by the passage of the limitation period from an award of any supplemental compensation and at the same time affirm the order awarding a legislatively designated additional item of compensation, medical expenses. The order of the Industrial Commission is reversed on the ground that the six year statute of limitations applicable to applicant's award for partial disability has run.

HENRIOD, J., concurs.

CROCKETT, Justice (concurring).

I agree with the decision because, as it points out, the applicant, with knowledge of his rights, failed to assert them for a period of twenty years. Consistent with the desirable and necessary policy of repose of controversies, he should now be precluded from asserting this claim. However, to make clear my view I add these further observations. It is true, as the defendant contends, that there appears to be no express time limitation on the medical coverage provided for Sec. 35–1–81. Accordingly, once there has been an adjudication as to medical care necessitated by an industrial accident, that coverage may continue however long it may be required. But it is the filing of the application and the adjudication in regard to medical coverage which is subject to the same limitation as the other compensation for the employee's injuries; and it must be done within the time and in the manner permitted by law as set forth in U. S. Smelting, etc. v. Nielsen, footnote 1 of main opinion.

TUCKETT, Justice (dissenting).

I dissent. It appears to me that the only question of law we are called upon to decide is whether or not the claim of Zele is

2. See Note 1 supra.

barred by the statute of limitation as contended for by the plaintiff. It is the plaintiff's contention that the claim is barred by the provisions of Sec. 35–1–99, U.C.A.1953 or in any event the claim is barred by Sec. 78–12–26(4), U.C.A.1953. It appears to me that the situation we have here is analogous to commencing an action in court. If the complaint is timely filed, a defense that the claim sued upon is barred by the statute of limitations is not available. The fact that the action may remain dormant or inactive for a long period of time is not a circumstance which will open the door so as to permit the statute of limitations being interposed as a defense.

I would affirm the decision of the commission.

ELLETT, J., concurs in the dissenting opinion of TUCKETT, J.