514 P.2d 217

**KENNECOTT COPPER CORPORATION, Plaintiff,**

v.

**Eugene Bradley ANDERSON and the Industrial Commission of Utah, Defendants.**

No. 13131.

Supreme Court of Utah.

Sept. 18, 1973.

James B. Lee and Erie V. Boorman, Jr., of Parsons, Behle & Latimer, Salt Lake City, for plaintiff.

Robert D. Moore and Gary E. Atkin, of Rawlings, Roberts & Black, Vernon B. Romney, Atty. Gen., Salt Lake City, for defendants.

CROCKETT, Justice:

Kennecott Copper Corporation seeks reversal of a supplemental workmen's com-

pensation award made to Eugene Anderson on November 3, 1972, for a disability which had later developed as a result of accidental spilling of molten ore on him 13 years earlier, on May 5, 1959, at plaintiff's Magna plant. In that accident he had suffered third-degree burns on his legs and other burns on his body which required extended hospitalization, medical care and skin grafting. He was paid compensation for his time off work and his hospital and medical expenses. Pursuant to his filing a claim with the Industrial Commission, and due proceedings thereon, and on the basis of a medical panel report, he was, on January 28, 1961, given a lump-sum award on a rating of 20% loss of bodily function.

Twenty months later, in September 1962, defendant filed a request for a reopening of his case on the ground that his lower left·leg had not properly healed and that further disability and medical expenses should be awarded. Pursuant thereto, the further medical expenses, and an additional temporary total disability for 9⅘ weeks, covering from March 7, 1963, to May 12. 1963, were incurred. It was ordered that the company pay further compensation for his unemployment during his disability due to the further medical treatment; and also that the company "provide the necessary medical treatment." Kennecott has paid and does not here contest the validity of the 1961 or 1963 orders.

In 1968, five years after the medical treatment just described, and nine years after the original accident, the applicant again experienced ulceration of his left leg which required substantial medical treatment. On October 23d of that year he filed another application for further workmen's compensation and for his medical expenses. Kennecott interposed the defense of the limitation provided in Sec. 35–1–66, U.C.A.1953, on the ground that more than six years had passed since the original injury; and relied upon our interpretation of that section in the case of United States Smelting, Ref. & Min. Co. v. Nielsen.[1] Nevertheless, the Commission proceeded and referred the matter to another medical panel. After some delays, and a change in the personnel of that panel, in April 1971 it made a report that the applicant's disability was now "75% of the whole body function." Pursuant thereto the Commission made the order that the company pay the additional compensation for that increased disability rating (110 weeks times $35 per week); and for the additional hospital and medical expenses. That is the order Kennecott attacks in this proceeding.

For reasons that will be apparent from what is said below, we have chosen to treat the question as to the workmen's compensation and the disability rating, separate from the medical and hospital ex-

[1]. 19 Utah 2d 239, 430 P.2d 162 (1967); on rehearing, 20 Utah 2d 271, 437 P.2d 199 (1968).

pense. With respect to the former, we regard the issue in this case as not distinguishable in principle from that presented and dealt with somewhat extensively in the two decisions in United States Smelting, Ref. & Min. Co. v. Nielsen, supra. We there confronted the problem as to which of two overlapping statutes should be given effect: Sec. 35–1–78, which speaks about the continuing jurisdiction of the Commission to deal with claims, or Sec. 35–1–66, which speaks about the time limitation on workmen's compensation, and resolved it in favor of the latter. We do not desire to burden this decision, nor the printed reports, with repetition of our discussions in those prior decisions, but summarize these salient points: The statutory right of compensation without regard to fault confers an advantage upon the workman for which in some instances he must forego rights he might otherwise have had at common law. Concomitantly by providing this assurance of compensation to the employee, the employer avoids what might be a ruinous judgment. A reasonable time limitation is in conformity with the immemorial policy of the law that possible adverse claims should some time be put at rest. This has the desirability, and meets the practical ne-

cessity, of eliminating the keeping of records and setting up of insurance reserves for an indefinite period of years.

Correlated to the policy propositions just stated, we pointed out that Section 78 speaks in general language about the continuing jurisdiction of the Commission to deal with claims properly before it, but that it says nothing about any limitation of time, whereas, Sec. 35–1–66 does specifically address itself to time limitation, stating that, "the employee shall receive, during such disability and *for a period of not to exceed six years from the date of the injury*," compensation on the basis of percentage of his wages as listed therein. It was further observed that the emphasized language was a 1939 amendment, long after Section 78 had been in existence, and after numerous decisions dealing with the subject of such limitations.[2]

It is also noteworthy that the Nielsen case was decided more than six years ago. We commented on the conflict in the statutes, and stated that "the question of any desired clarification may well commend itself to the attention of the legislature." Inasmuch as this decisional law has been so established and no action has been taken to remove the limitation, we are not per-

2. Sec. 35–1–66 and its predecessors have been amended almost biennially since its inception in 1917, including S.L.U.1969, Ch. 86, Sec. 4; Ch. 76, Sec. 5, 1971, which authorizes the Commission to "make a permanent partial disability award at any time prior to six years and nine months after the date of injury to any employee . . . who files an application for such purpose prior to the expiration of the six-year period"; and Ch. 67, Sec. 3, 1973, extends the time to eight years.

suaded to change our opinion and rule differently on that issue.[3]

Notwithstanding what we have said above about the question of compensation award, we think there are valid reasons for distinction and a different result concerning medical and hospital care. A basic one is that the logic by which we give Sec. 35–1–66 preference over 78 because the former is more specific as to the time limitation and thus takes priority over the general language of the latter, does not apply to the medical expenses. It is important to note that the specificity of said Section 66 talks only about the matter of the injured employee's "weekly compensation" on the formula based on his "average weekly wages" and that that section makes no reference whatsoever to medical care or medical expenses.[4]

It is often said that it should be assumed that all of the words used in a statute were used advisedly and were intended to be given meaning and effect.[5] For the

same reasons, the omissions should likewise be taken note of and given effect.[6]

The recognized authority, Larson on Workmen's Compensation, states that the general rule is that medical benefits are not subject to the same limitations as the compensation for wages lost or disability rating.[7] His analysis, based upon somewhat varying but generally similar statutes, gives the following summary:

In 24 states such benefits (medical expenses) are essentially unlimited as to duration and amount [listing dates]; in 16 the preliminary limits are subject to extension by the administrative agency for indefinite periods as the case warrants [listing states, including Utah]. The remaining states have various statutory limitations.[8]

That text also indicates that if at the time of the original award there was knowledge of future medical expenses shown in the proceeding, they would be taken care of as needed without regard to

---

3. As to the value and desirability of solidarity in the law by respecting Stare Decisis, see Allen v. Board of Education of Weber County School District, 120 Utah 556, 236 P.2d 756; Freeman v. Stewart, 2 Utah 2d 319, 273 P.2d 174.

4. This is also true of the numerous amendments to Sec. 35–1–66, see footnote 2 above.

5. Gord v. Salt Lake City, 20 Utah 2d 138, 434 P.2d 449.

6. Estate of Barnett, 97 Cal.App. 138, 275 P. 453.

7. That payments for medical care are not the same as "compensation" for lost wages or disability rating within the meaning of the statute, and not subject to the limitation prescribed therefor, see Brown v. Travelers Ins. Co., 247 La. 7, 169 So.2d 540; J. H. Moon & Sons v. Hood, 244 Miss. 564, 144 So.2d 782 (1962); Andrews v. Decker, 245 Md. 459, 226 A.2d 241 (1967).

8. See Larson's Workmen's Compensation Law, Sec. 61, pp. 88.225 et seq.

limitation. It is significant that the awards made in the instant case for lost wages and disability rating were definite and have been paid, but that the orders to pay for medical expenses were not so definitely limited, but are interpretable as being "open end." That is, the order of October 17, 1963, ordered Kennecott to:

> . . . pay for hospital and medical expenses incurred as a result of the industrial accident. Said payments to be made in accordance with the Medical and Surgical Fee Schedule . . . .

Since there was no limitation as to time or amount in that order, and no objection was made, nor appeal taken therefrom, it stands undisturbed.

In regard to this latter point, the facts here are that at the initial hearing, and consistently since, the defendant company has been aware that the applicant's injuries were such that he could not fully and permanently recover therefrom, but would need future medical care.

In connection with the original proceeding, the report of Dr. Robert R. Robinson, Jr., September 20, 1960, indicated:

> Third degree burns, almost circumferential, of lower extremities. First and second degree burns over the buttocks and lower back. Burns of hands, bilateral.
>
> . . . Although as stated above there is no indication for surgery at the present time, it should be kept in mind that in future years his legs may require additional grafting.

The report of Dr. E. B. Kuhe, November 8, 1960, stated: " . . . at some later date will have to be operated upon."

Drs. H. M. Jackson, Thomas Ray Broadbent and John H. Clark, January 9, 1963:

> Finally, it is possible the patient might have to wear some form of supporting mechanism such as elastic stockings for some years, perhaps intermittently, perhaps almost full time, in order to have long-time comfort and freedom from symptoms in his lower extremities.

■ Also having a bearing on our conclusion is the administrative interpretation which the Commission has given this statute. Although not controlling, in the event of doubt, such interpretation is entitled to some consideration and may be regarded as persuasive.[9] The interpretation by the Commission appears to have been that once the one-year statute (giving notice to the employer) and the three-year statute (required for filing with the Industrial Commission) have been complied with,[10] and

9. See Ogden Union Ry. & Depot Co. v. Utah State Tax Comm., 16 Utah 2d 255, 399 P.2d 145; Colman v. Utah State Land Board, 17 Utah 2d 14, 403 P.2d 781; Utah Hotel Co. v. Ind.Comm., 107 Utah 24, 151 P.2d 467.

10. Sec. 35-1-99, U.C.A.1953.

the need for future medical care is established, that the right to its further award continues. This is shown in a letter on this case, sent to Kennecott, September 3, 1965, by the much respected, long-time chairman of the Commission, the late Otto A. Wiesley, which stated:

It is common knowledge that an *injured employee is entitled to reasonable nursing, medical and hospital care so long as he lives* if the injury requires such care at any time, and if the statute of limitations has not run on the case.

\* \* \*

In the Anderson case, we believe that the employer should comply with the physician's decision.

In conformity with our ruling in the case of United States Smelting, Ref. & Min. Co. v. Nielsen, supra, it is necessary that the award for additional disability compensation be annulled. But in view of the different situation which exists with respect to the medical care, that part of the award is affirmed.[11] No costs awarded. (All emphasis added.)

CALLISTER, C. J., and HENRIOD and TUCKETT, JJ., concur.

ELLETT, Justice (concurring):

I concur in affirming the award of medical expenses for the reasons stated in my dissent in the case of United States Smelting, Ref. & Min. Co. v. Nielsen, 19 Utah 2d 239, 430 P.2d 162 (1967). I reluctantly concur in denying the award of further compensation for the reason that the Nielsen case is now the law in Utah in that regard.

---

11. We so state in awareness of United States Steel Corp. v. Ind.Comm., 27 Utah 2d 145, 493 P.2d 986, where it appeared that the employee knew of possible future medical expenses, but did not assert a claim therefor within the limitation period prescribed by Sec. 35–1–66.