Cato LOPEZ, Plaintiff,

v.

**KAISER STEEL CORPORATION (Employer), the Industrial Commission of the State of Utah, and the Second Injury Fund of the State of Utah, Defendants.**

No. 18745.

Supreme Court of Utah.

March 11, 1983.

Virginia Dabney, Salt Lake City, for plaintiff.

David L. Wilkinson, Janet L. Moffitt, Gilbert A. Martinez, Edwin C. Barnes, Salt Lake City, for defendants.

PER CURIAM:

Plaintiff brings this writ of review from a decision of the Industrial Commission.

Plaintiff was employed by defendant Kaiser Steel at a coal mine in Carbon County. On the morning of March 14, 1979, he was involved in an industrial accident which caused severe injuries to his legs and right foot.[1] About an hour after the accident, while at the hospital, a blood-alcohol analysis was conducted and plaintiff was found to have a blood-alcohol content of .312%.

Plaintiff applied for workmen's compensation benefits and a hearing was held. Kaiser Steel contended that the benefits should be reduced by 15% because of plaintiff's intoxication at the time of the accident.[2] A medical panel thereafter found that plaintiff had a 55% permanent partial disability, 11% of which was attributable to the industrial injury of March 14, 1979. The administrative law judge found that

"due to [plaintiff's] inebriation he did not allow sufficient time for the air pressure to build up in the airbrakes" of the locomotive, which resulted in plaintiff's injuries. The administrative law judge concluded that plaintiff's intoxication requires that weekly compensation benefits of $167.00 per week be reduced by 15% to $141.95 per week.

Plaintiff filed a motion for review with the Industrial Commission. The motion was denied and the decision of the administrative law judge was affirmed. Now, before this Court, plaintiff contends that there was no evidence that the injury was caused by his intoxication and that the statutory 15% reduction applies only to impairment attributable to the accident.

U.C.A., 1953, § 35–1–14 provides, in pertinent part, as follows:

> Where injury is caused by . . . intoxication of the employee, compensation provided for herein shall be reduced fifteen per cent, except in the case of injury resulting in death.

Plaintiff is correct in his assertion that there must be a causal relationship between the accident and the intoxication.[3] However, this is a factual determination best left to the Commission.[4] In this case, there is a reasonable basis in the evidence to support the finding that the accident was "due to [plaintiff's] inebriation." The undisputed evidence establishes that the plaintiff arrived at work in an intoxicated state,[5] that he failed to go to a safety meeting, that he started a locomotive he was not authorized to operate and that he failed to allow the air pressure to build up to a level sufficient to operate the brakes before set-

1. Plaintiff's lower extremities were pinned between a front-end loader and a "locomotive" which he had set in motion. Plaintiff was not authorized to operate the heavy equipment and, ironically, was supposed to have been at a safety meeting at the time of the accident.

2. Pursuant to U.C.A., 1953, § 35–1–14.

3. See *Munson v. State Department of Highways,* 96 Idaho 529, 531 P.2d 1174 (1975); *Sztaba v. Great Northern Railway Co.,* 147 Mont. 185, 411 P.2d 379 (1966); *Smelser v. Pirtle,* 242 Or. 294, 409 P.2d 340 (1965).

4. *Martinson v. W–M Insurance Agency, Inc.,* Utah, 606 P.2d 256 (1980); *Wiseman v. Village Partners,* Utah, 589 P.2d 754 (1978).

5. Plaintiff testified that he had been drinking the night before the accident but not the morning of the accident. As stated *supra,* tests conducted one hour after the accident revealed a blood-alcohol content of .312%. For purposes of the Motor Vehicle Act, a person is conclusively presumed intoxicated whenever he has a blood-alcohol content of .100% or higher. See U.C.A., 1953, § 41–6–44.2.

ting the locomotive in motion. There was no evidence or allegation that the work place was unsafe or that the locomotive was defective. It was therefore reasonable for the Commission to find that the accident was caused by plaintiff's intoxication.

Plaintiff also alleges that the 15% statutory reduction applies only to impairment attributable to the accident (*i.e.,* temporary disability) and that the reduction does not apply to permanent disability benefits. By its very terms, the statute applies to *compensation* for all industrial injuries, except where the injury results in death. Just as for temporary disability, the statutes for permanent disability refer to the award as "compensation."[6] A reasonable reading of the reduction statute therefore necessarily includes any and all compensation for an industrial injury.[7]

Affirmed.

---

**6.** See, *e.g.,* U.C.A., 1953, § 35–1–69.

**7.** Note that medical and hospital expenses are not "compensation" for purposes of workmen's compensation. *Kennecott Copper Corp. v. Industrial Commission,* Utah, 597 P.2d 875 (1979). In the instant case, medical expenses properly were *not* reduced by 15%.