2001 UT App 354

**SORENSON'S RANCH SCHOOL and Shaun Sorenson, Plaintiffs and Appellees,**

v.

**Reta D. ORAM, Director, State of Utah, Department of Human Services, Office of Licensing, Defendant and Appellant.**

No. 20000993–CA.

Court of Appeals of Utah.

Nov. 23, 2001.

Mark L. Shurtleff, Atty. Gen., and Carol L. Verdoia, Atty. General's Office, Salt Lake City, for Appellant.

Dale P. Eyre, Labrum & Taylor, Richfield, for Appellees.

Before GREENWOOD, P.J., and BENCH and THORNE, JJ.

## OPINION

GREENWOOD, Presiding Judge.

¶ 1 The State Department of Human Services, Office of Licensing (the Department), appeals the decision of the trial court reversing the Department's action ordering Sorenson's Ranch School (the School) to terminate the employment of Shaun Sorenson (Sorenson) or lose its license. The Department argues that Sorenson's felony convictions prevent his employment at a licensed youth care facility. We affirm.

## BACKGROUND

¶ 2 The School is a program providing services to youth under a license issued by the Department. Sorenson, son of the owner of the School, is employed at the School full-time as a plumber/maintenance worker. Sorenson was convicted of two felonies in California, for driving under the influence resulting in accident/injury and for hit-and-run. Sorenson does not counsel, teach, or supervise children at the School.

¶ 3 Under the requirements of Utah Code Ann. § 62A–4a–413(1) (Supp.1997), the School listed Sorenson on the School's list of employees, which all licensed child care providers must submit to the Department. The Department's criminal background screening revealed Sorenson's felony convictions. The Department issued a Notice of Agency Action that required the School to terminate Sorenson's employment or be

sanctioned because of Sorenson's convicted felon status. The School and Sorenson (collectively Appellees) requested an informal hearing to contest the Department's action arguing Sorenson did not perform any of the services enumerated in section 62A–4a–413(2). The Department objected to the hearing because there was no dispute Sorenson was a convicted felon and that felons may not be employed in programs licensed to serve children. The Department of Human .Services, Office of Administrative Hearings (OAH), agreed with the Department's position and dismissed Appellees' hearing request.

¶ 4 Appellees requested reconsideration and OAH granted the motion to determine whether Sorenson provided services or care to children at the School. Both parties briefed the issue of whether section 62A–4a–413 prohibits all convicted felons from being employed at the School or only prohibits the hiring of convicted felons who work directly with children. After this briefing, OAH denied Appellees' Request for Reconsideration.

¶ 5 Appellees filed a complaint in district court to obtain a de novo review of the Department's action as provided by Utah Code Ann. § 63–46b–15(1)(a) (1997). The Department and Appellees each filed a motion for summary judgment requesting resolution of the interpretation of section 62A–4a–413. The Department's motion stated there were no issues of disputed fact and asked the trial court to rule as a matter of law that Sorenson was barred from employment at the School. Appellees similarly argued that there were no disputed issues of material fact because "Sorenson provide[d] none of the enumerated child services," and that Sorenson should be allowed to continue his employment at the School. Appellees' motion was supported by a memorandum and the affidavit of Linda Nebeker, Human Resources Director for the School. In her affidavit, Nebeker stated that Sorenson's "position as plumber-maintenance worker includes no teaching, counseling or supervision duties at the school or with the student body." The Department did not refute Nebeker's affidavit or otherwise present evidence that Sorenson participated in any way in the services

provided to children at the School. The trial court granted Appellees' motion. The Department now appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 6 The only issue before the court is whether the trial court correctly interpreted section 62A–4a–413. Neither party argues disputed issues of fact precluded their respective motions for summary judgment. "On appeal from a grant of summary judgment, we ... affirm only if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law." *Graham v. Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist.*, 1999 UT App 136,¶ 7, 979 P.2d 363; *see also* Utah R. Civ. P. 56(c). Because "the trial court's grant of summary judgment was based on ... statutory interpretation[,] ... we review under a correction-of-error standard." *Graham*, 1999 UT App at ¶ 7, 979 P.2d 363; *see also Boulder Mt. Lodge, Inc. v. Boulder City*, 1999 UT 67,¶ 11, 983 P.2d 570.

## ANALYSIS

### MEANING OF SECTION 62A–4a–413

¶ 7 The resolution of this case depends entirely on the interpretation of section 62A–4a–413, specifically subsections (1) and (2). The statute provides:

(1)(a) As of July 1, 1990, each public or private agency or individual licensed by the department to provide child placing services, youth programs, substitute, foster, or institutionalized care to children shall, in order to obtain or renew a license under Section 62A–2–108, submit to the department the name and other identifying information, which may include fingerprints, of new and proposed:

(i) owners;

(ii) directors;

(iii) members of the governing body;

(iv) employees;

(v) providers of care; and

(vi) volunteers, except parents of children enrolled in the programs.

(b) The Law Enforcement and Technical Services Division of the Department of Public Safety shall process that information to determine whether the individual has been convicted of any crime.

. . .

(2) An owner, director, member of the governing body, employee, provider of care, or volunteer who has a felony conviction may not provide child placing services, foster care, youth programs, substitute care, or institutionalized care for children in facilities or programs licensed by the department.

Utah Code Ann. § 62A–4a–413 (Supp.1997).[1]

¶ 8 "First, 'where statutory language is plain and unambiguous, this Court will not look beyond the same to divine legislative intent. Rather, we are guided by the rule that a statute should generally be construed according to its plain language.'" *In re A.B.*, 936 P.2d 1091, 1097 (Utah Ct.App.1997) (quoting *Brinkerhoff v. Forsyth*, 779 P.2d 685, 686 (Utah 1989)); *see also State v. Hunt*, 906 P.2d 311, 312 (Utah 1995) (" 'The best evidence of the true intent and purpose of the Legislature in enacting the Act is the plain language of the Act.' ") (citation omitted).

¶ 9 The Department argues the plain language of the statute excludes all persons with felony convictions from being employed in any capacity at a licensed child care facility. The Department argues that if only those who provide care to children were excluded from employment, then the term "employee" would be meaningless. The Department relies on subsection (1), which requires that all persons be subject to a background check. The Department argues that if felony convictions only prevent providers of care from employment, then the language requiring all employees to have background checks would be superfluous.

¶ 10 Appellees argue that subsection (1) is a reporting requirement mandating that all persons described therein be subject to background checks. They argue subsection (2) is a licensing requirement, that licensed agencies may not employ persons who have been convicted of felonies if they provide the enumerated services to children. Thus, they argue, subsection (1) is a screening requirement and subsection (2) mandates that certain persons may not render the enumerated services to children. Appellees conclude that the background screening is not superfluous, but provides information to both the Department and the employers of their workers' criminal histories.

¶ 11 Plain language analysis supports Appellees' interpretation of the statute. The plain language of subsection (1) explicitly requires all employees be screened. Subsection (2) states that convicted felons may not provide certain services. This language is clear and unambiguous. Further, if the Legislature, as the Department contends, wished to prevent convicted felons from working at a licensed facility, it would not have added the enumerated positions, but would have simply excluded convicted felons from employment at a licensed facility in any capacity. Further, "statutory construction presumes that the expression of one should be interpreted as the exclusion of another." *Biddle v. Washington Terrace City*, 1999 UT 110, ¶ 14, 993 P.2d 875. "Therefore, omissions in statutory language[, in this case, omissions of positions not providing services to children,] should 'be taken note of and given effect.' " *Id.* (quoting *Kennecott Copper Corp. v. Anderson*, 30 Utah 2d 102, 514 P.2d 217, 219 (1973)); *see also Salt Lake City v. Ohms*, 881 P.2d 844, 855–57 (Utah 1994) (Howe, J., concurring) (noting statutory rule of construction that statutes or constitutions are not intended to do something not expressed when other items are expressed). In sum, the clear and unambiguous language of section 62A–4a–413 identifies the enumerated services a felon may not provide. Therefore, applying the plain meaning of the statute to the undisputed facts, which demonstrate that Sorenson does not provide the enumerated services to the School, the trial court correctly determined that Sorenson may continue his employment at the School.

## POLICY CONSIDERATIONS

¶ 12 The Department argues the public policy of protecting children supports its

---

1. The statute has since been amended. *See* Utah Code Ann. § 62A–4a–413 (2000).

interpretation of the statute. We agree with the Department that "[i]t is the purpose of this [statute] to protect the best interests of children, offer protective services to prevent harm to children, stabilize the home environment, preserve family life whenever possible, and encourage cooperation among the states in dealing with the problem of child abuse." Utah Code Ann. § 62A–4a–401 (2000). However, " ' "[o]nly when we find ambiguity in the statute's plain language need we seek guidance from the legislative history and relevant policy considerations." ' " *Alpine School Dist. Bd. of Educ. v. State Tax Comm'n*, 2000 UT App 319, ¶ 11, 14 P.3d 125 (citations omitted); *see also Salt Lake Child & Family Therapy Clinic, Inc. v. Frederick*, 890 P.2d 1017, 1020 (Utah 1995) (" 'When language is clear and unambiguous, it must be held to mean what it expresses, and no room is left for construction.' ") (citation omitted); *In re A.B.*, 936 P.2d at 1097.

¶ 13 Nevertheless, the Department argues that section 62A–4a–401 demonstrates that the Legislature desired to ban all felons from working at any facility that provides services to children. In support of its argument, the Department cites two licensing statutes that prevent convicted felons from employment in certain businesses regardless of the duties assigned to them. However, an examination of these statutes demonstrates that the Legislature specifically and explicitly precluded convicted felons from employment at these licensed institutions regardless of the services they might render. *See* Utah Code Ann. § 7–1–508 (1995) ("Except as may be expressly authorized by the commissioner, *no person convicted of a felony or a misdemeanor involving fraud or dishonest conduct may serve as an officer, director, or employee of a depository institution.*") (emphasis added); Utah Code Ann. § 46–3–201(1)(b) (1998) ("To obtain or retain a license [under the Utah Digital Signature Act] a certification authority *shall: employ as operative personnel only persons who have not been convicted of a felony or a crime involving fraud, false statements, or deception ....*") (emphasis added). These two statutes support our plain language analysis. Had the Legislature wished to eliminate all convicted felons from working at a licensed youth program it could have done so explicitly as it did in the above cited sections.

[6, 7] ¶ 14 The Department would have us expand the plain meaning of the statute to what the Department believes was the goal of the Legislature—prohibiting all persons with felony convictions from employment at any licensed facility. However, "[w]here the ordinary meaning of the terms results in an application that is neither unreasonably confused, inoperable, nor in blatant contradiction to the express purpose of the statute, it is not the duty of this Court to assess the wisdom of the statutory scheme." *West Jordan v. Morrison*, 656 P.2d 445, 446 (Utah 1982). Further, "[i]f [our] interpretation brings about a result contrary to the intention of the Legislature, it is a matter for the Legislature to remedy. This Court may not do so." *Id.* at 447. Therefore, we affirm the decision of the trial court.

### FURTHER PROCEEDINGS

¶ 15 At oral argument, the parties raised the issue of whether our decision would require further proceedings. Our review of the record indicates that no further proceedings are required. Appellees filed their complaint in the trial court pursuant to Utah Code Ann. § 63–46b–15 (1997). In their complaint, Appellees sought a determination that Utah Code Ann. § 62A–4a–413(2) (Supp.1997) did not prevent Sorenson from working at the School and requested that the trial court prohibit the Department from taking any action against the School for employing Sorenson, who provides no services to children. As noted above, both parties agreed there were no material disputed facts, and the Department stated in its objection to the trial court's proposed order that it "does not dispute that [Sorenson] provides no direct services to children. Accordingly, no evidentiary hearing is necessary on that factual issue."

¶ 16 Utah Code Ann. § 63–46b–15(1)(a) (1997) provides that the trial court had jurisdiction to conduct a trial de novo. Further, section 63–46b–15(3)(a) states: "The district court, without a jury, shall determine all questions of fact and law and any constitutional issues presented in the pleadings." *Id.*

The parties presented only one question of law to the trial court: the interpretation of section 62A–4a–413(2). As noted, the trial court correctly interpreted the statute and, based on the undisputed facts that Sorenson provides none of the enumerated services, correctly granted Appellees' motion for summary judgment. Therefore, we affirm the trial court's order granting summary judgment to Appellees. Under the statute in question, Sorenson may continue his employment at the School and the School may not be sanctioned for its employment of Sorenson.

## CONCLUSION

¶ 17 The plain language of Utah Code Ann. § 62A–4a–413(1) (1997) requires a criminal background screening of all employees of the School. However, subsection (2) bars employment only of those persons who provide the services listed in subsection (2). It is undisputed that Sorenson provides none of these services, and therefore, Sorenson is not prohibited from continued employment. Finally, because the trial court properly interpreted section 62A–4a–413 and no disputed issues of fact remain for resolution, no further proceedings are required.

¶ 18 Affirmed.

¶ 19 WE CONCUR: RUSSELL W. BENCH, Judge, and WILLIAM A. THORNE, JR., Judge.