2002 UT App 191

**DAVIS COUNTY, a body politic of the State of Utah, Plaintiff and Appellant,**

v.

**ZIONS FIRST NATIONAL BANK, Trustee of the Max Kerr Trust dated November 26, 1996; and Intervenors Todd B. Jones and Paul E. Barker, Defendants and Appellees.**

No. 20000962–CA.

Court of Appeals of Utah.

May 31, 2002.

Robert S. Campbell, Vancott, Bagley, Cornwall & McCarthy, and Chris R. Hogle, Berman, Gaufin, Tomsic, Savage & Campbel, Salt Lake City, and Gerald E. Hess, Davis County Attorney, Farmington, for Appellant.

David R. Olsen, Paul M. Simmons, Douglas H. Patton, Dewsnup, King & Olsen, Salt Lake City, for Appellees.

Before Judges BENCH, DAVIS, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 Appellant Davis County appeals from a judgment establishing the market value of property in a condemnation proceeding. We affirm in part and reverse in part.

## BACKGROUND

¶ 2 " 'In reviewing a jury verdict, we view the evidence in the light most favorable to it, and recite the facts accordingly.' "

*Holmstrom v. C.R. England, Inc.*, 2000 UT App 239, ¶ 2, 8 P.3d 281 (quoting *Ortiz v. Geneva Rock Prods., Inc.*, 939 P.2d 1213, 1215 (Utah Ct.App.1997)).

¶ 3 In 1991, Max Kerr (Kerr) purchased 14.75 acres of vacant land (the Property) in Farmington City, Utah, north of the Interstate 15 and State Highway 89 junction. The Property was described as "flat, undeveloped meadows with some wetlands." Farmington City zoned the Property "BP," which allows for commercial development, including light industrial and residential uses.

¶ 4 In January of 1997, Kerr transferred title to the Property to Zions First National Bank (Zions). Zions held the Property in trust and served as trustee for the Max Kerr Trust. In May 1997, Tod Jones and Paul Barker (Jones and Barker) entered into a Real Estate Purchase Agreement (the Agreement) to buy the Property for $531,000. As part of the Agreement, Jones and Barker put up $1,000 in earnest money. The terms of the Agreement provided that they could purchase the Property until May 23, 1998.

¶ 5 In October 1996, Prows, Becknell & Alles, LLC, (PBA), a developer, entered into a Master Development Agreement (Development Agreement) with Farmington City to develop 124 acres of land adjacent to the Property. The Development Agreement and subsequent Wetlands Agreement provided that PBA would mitigate its wetlands both by acquiring land and conveying it to Davis County as well as funding Davis County's acquisition of land, which included the Property. Davis County was to use these lands for a flood retention basin.

¶ 6 On June 24, 1997, Richard Prows (Prows), PBA's manager, became aware that Jones and Barker "apparently ha[d] a contract to purchase" the Property. Shortly thereafter, on June 30, 1997, Prows was informed that "KERR may be playing games w[ith] Jones and Barker and that the County should possibly get condemnation proceedings under way."

¶ 7 On July 28, 1997, Davis County authorized the condemnation of the Property for a "public flood improvement" project. On August 29, 1997, Davis County filed a condemnation action to acquire the Property, naming only Zions, as trustee of the Max Kerr Trust, as a defendant. A hearing on immediate occupancy was scheduled for October 21, 1997. On that day, prior to the hearing, Jones and Barker informed counsel for Davis County in writing that they had an interest in the Property.

¶ 8 Davis County did not respond to Jones and Barker's written notice of interest until January 12, 1998, when Davis County informed the two that they would not be joined as parties to the action and advised them to seek legal counsel. Subsequently, Jones and Barker filed a motion to intervene, which the trial court granted on August 13, 1998. Following multiple hearings, the trial court amended the date for assessing the valuation of the Property from September 3, 1997, the date Davis County served its complaint upon Zions, to August 13, 1998, the date in which the trial court granted Jones and Barker's motion to intervene.[1]

¶ 9 The matter proceeded to trial on March 6, 2000. At trial, both parties presented evidence to the jury seeking to establish the fair market value of the Property. Davis County's expert witness testified that the "highest and best use" of the Property was for "low density residential and urban pasture," and therefore appraised the Property at $145,000. Defendants' (collectively Zions, Jones and Barker) expert witness testified that the "highest and best use" of the Property was "commercial development, likely in the form of office development, as warranted by demand," and therefore, appraised the Property at $1,606,500. In reaching that market value, Defendants' expert "compar[ed] [five] similar parcels that ha[d] recently sold in the open market."

¶ 10 The jury returned a verdict finding that the market value of the Property was $1,606,500. The trial court then awarded Defendants interest on that sum beginning

---

1. Utah Code Ann. § 78–34–11 (1996), states, in pertinent part, that "[f]or the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of the service of summons." *Id.*

October 31, 1997, the date of the original order of occupancy.[2] The interest totaled $281,498.30. On May 12, 2000, Davis County filed a motion for a new trial, which the trial court denied. On September 1, 2000, Davis County filed a motion for leave to file an affidavit of Davis County's deputy county attorney in support of its motion for a new trial. Later, Davis County filed a motion to reconsider its motion for a new trial. The trial court denied both motions. Davis County appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 11 First, Davis County argues the trial court erred by ruling that the statutory valuation date for the Property was August 13, 1998. Davis County's claim presents a question of statutory interpretation, which we review under a correction-of-error standard. *See Sorenson v. Oram*, 2001 UT App 354, ¶ 6, 36 P.3d 528.

¶ 12 Second, Davis County argues the trial court erred by admitting into evidence (1) Defendants' appraisal of the Property, and (2) that PBA would pay the amount of the condemnation award. "When reviewing a trial court's decision to admit evidence we seek to determine whether the trial court exceeded its permitted range of discretion." *Eggett v. Wasatch Energy Corp.*, 2001 UT App 226, ¶ 16, 29 P.3d 668.

¶ 13 Third, Davis County argues the trial court erred by calculating the prejudgment interest from October 31, 1997, the date of the court's first order of immediate occupancy. This claim presents a question of statutory interpretation, which we review for correctness. *See Sorenson*, 2001 UT App 354 at ¶ 6, 36 P.3d 528.

¶ 14 Finally, Davis County argues the trial court erred by denying its motion for leave to file an affidavit supporting Davis County's motion for a new trial. We review the trial court's decision for an abuse of discretion. *See Hart v. Salt Lake County Comm'n*, 945 P.2d 125, 135 (Utah Ct.App. 1997).

2. Following the order granting Jones and Barker's motion to intervene, the parties stipulated to March 8, 1998, as the date that Davis County

## ANALYSIS

### I. Valuation Date

¶ 15 Davis County argues the trial court erred by concluding that the value assessment date for the Property was August 13, 1998. Davis County contends that the value assessment date should have been September 3, 1997, the date Davis County served its complaint upon Zions.

¶ 16 Utah Code Ann. § 78–34–6 (1996), sets forth the pleading requirements for a complaint in a condemnation proceeding. Subsection (2) requires that "the names of all owners and claimants of the property, if known ... must be styled as defendants." *Id.* Utah Code Ann. § 78–34–11 (1996) sets the value assessment date for the property sought to be taken. In pertinent part, section 78–34–11 states: "For the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at *the date of the service of summons*, and its actual value at that date shall be the measure of compensation for all property to be actually taken...." *Id.* (emphasis added).

¶ 17 Initially, we note that the rules of statutory construction require us to look " 'first to the plain language of the statute ... and [to] assume[ ] that each term was used advisedly by the Legislature.' " *Homeside Lending, Inc. v. Miller*, 2001 UT App 247, ¶ 25, 31 P.3d 607 (quoting *Biddle v. Washington Terrace City*, 1999 UT 110, ¶ 14, 993 P.2d 875). Further, we interpret the "terms of a statute ... as a comprehensive whole and not in piecemeal fashion." *Id.* (citations and quotations omitted).

¶ 18 In the present matter, a plain language reading of section 78–34–6 clearly states that the complaint "must" name as defendants the "claimants of the property, if known." Utah Code Ann. § 78–34–6(2). Black's Law Dictionary defines claimant as "[o]ne who claims or asserts a right, demand or claim." Black's Law Dictionary 247 (6th

was to take immediate occupancy of the Property.

ed.1990).[3] Jones and Barker, pursuant to the Agreement, had a right to purchase the Property, and therefore, were claimants under section 78–34–6(2). Further, the trial court was presented with evidence establishing that Davis County knew of Jones and Barker's interest in the Property prior to filing its complaint. Moreover, Davis County was certainly aware of Jones and Barker's interest before the trial court entered its first order of immediate occupancy. Accordingly, pursuant to section 78–34–6(2), Davis County was required to name Jones and Barker as defendants in the condemnation action.

¶ 19 Davis County served its complaint upon Zions on September 3, 1997, which the trial court initially set as the value assessment date for the Property. However, Jones and Barker were not named as defendants in the condemnation action until August 13, 1998, when the trial court granted Jones and Barker's motion to intervene. Therefore, on that date, they became parties to the action.

¶ 20 Section 78–34–11 "deem[s]" the date for assessing the valuation of property acquired in a condemnation proceeding as "the date of the service of summons." Utah Code Ann. § 78–34–11. Here, service upon Zions was ineffective to satisfy section 78–34–11, because Davis County failed to name, and subsequently serve, Jones and Barker, known claimants to the Property. We conclude that Davis County's complaint became perfected, under section 78–34–6(2), and service was perfected, under section 78–34–11, when the trial court granted Jones and Barker's motion to intervene. Accordingly, we conclude that the trial court did not err by concluding that the proper date for assessing the value of the Property was August 13, 1998, the date of the intervention.

## II. The Trial Court's Admission of Evidence

¶ 21 Davis County argues the trial court erred by admitting into evidence (1) Defendants' appraisal of the Property, and

(2) that PBA was going to pay the condemnation award for the Property. As we stated above, a trial court has broad discretion in either admitting or excluding evidence at trial. *See Eggett v. Wasatch Energy Corp.,* 2001 UT App 226, ¶ 16, 29 P.3d 668.

### A. Defendants' Appraisal

¶ 22 Davis County argues that Defendants' appraisal, estimating the Property's value at $1,606,500, relied upon "three separate property transactions whose value were clearly and admittedly enhanced by the public project for which Davis County had condemned the ... Property." It is well-settled that "in condemnation proceedings any enhancement ... in value attributable to the purpose for which the property is being condemned shall be excluded in determining the fair market value of the property." *Redevelopment Agency of Salt Lake City v. Grutter,* 734 P.2d 434, 436 (Utah 1986). Further, to establish fair market value using comparable sales, the properties must be " 'sufficiently similar in character, location, and other factors which would influence value, ... [to] meet the test of "reasonable comparability" so they can reasonably be regarded as having probative value as to worth of the property in question.' " *Salt Lake City Corp. v. Utah Wool Pulling Co.,* 566 P.2d 1240, 1243 (Utah 1977) (quoting *State Road Comm'n v. Larkin,* 27 Utah 2d 295, 299, 495 P.2d 817, 820 (1972)).

¶ 23 In the present matter, the trial court was presented with arguments from both parties with regard to Defendants' appraisal. Defendants argued that the three pieces of property in question were similar in character and location.[4] The record supports this conclusion. Defendants also argued that Davis County sought to acquire the Property solely for a flood retention basin, and therefore, any enhancement in value of the properties relied upon by Defendants' appraiser would have to stem from the flood retention project to be excluded. Indeed, Defendants

---

3. The American Heritage College Dictionary defines claimant as "[a] party that makes a claim." The American Heritage College Dictionary 257 (3d ed.1997). Claim is defined as "[a] basis for demanding something; a title or right." *Id.*

4. In addition to the three parcels at issue, Defendants' expert also relied upon two other parcels to establish the fair market value of the Property.

point out that Davis County's counsel specifically stated at trial that

> Davis County acquired th[e][P]roperty for a flood retention basin. We did not acquire it for open space. We did not acquire it as a wetland preserve. We did not acquire it so that a trail could go around this area. We did not acquire it to develop it. We acquired it strictly for the sole purpose of constructing a flood retention basin.

¶ 24 First, the jury may have relied for any enhancement in value to the adjacent parcels on the PBA development, which included commercial and residential developments, as well as open space, walking trails, and wetlands, or simply relied upon economic development in the Farmington City area. Second, the other two parcels of land that were not adjacent to the Property had similar physical characteristics and sold for approximately the same price as those in question. As such, it is difficult to conclude that any enhancement in value to those parcels of land, to the extent one exists, must be the result of the flood retention basin slated for the Property. We therefore conclude that the trial court did not exceed its discretion by allowing Defendants' appraisal into evidence.

### B. PBA Paying the Condemnation Award

¶ 25 Davis County argues the trial court erred by allowing Defendants' counsel to inform the jury that PBA would be paying the condemnation award on the Property.[5] We disagree.

¶ 26 Our review of the record suggests that the trial court did not exceed its discretion by allowing that information to be considered at trial. Moreover, to the extent that it was brought to the jury's attention, Davis County opened the door. During opening statements, Davis County's counsel told the jury that "[n]ow Davis County being the prudent manager of the County's *tax money* has, has gone together, or excuse me, recognizing the benefit of *managing the tax dollars,*" which prompted an objection by Defen-

5. Davis County also argues that Defendants' counsel made repeated references to the Wetlands Agreement that contained the terms which

dants' counsel. Defendants' counsel argued that "[Davis County] [is] not paying for this property, the developer is and I believe that's a totally improper argument." Davis County raised the issue of the source of the funds for the project and Defendants were entitled to respond.

¶ 27 In sum, we conclude that the trial court did not abuse its discretion by allowing into evidence either Defendants' appraisal or information that PBA was to pay the condemnation award.

### III. Davis County's Counsel's Affidavit in Support of its Motion for a New Trial

¶ 28 Davis County argues the trial court erred by denying its motion for leave to file an affidavit in support of its motion for a new trial. Rule 59(c) of the Utah Rules of Civil Procedure states that "[w]henever a motion for a new trial is based upon affidavits they *shall* be served with the motion." *Id.* (emphasis added).

¶ 29 Here, Davis County filed its motion for a new trial on May 12, 2000. Nearly four months later, on September 1, 2000, Davis County sought leave to file the affidavit of its deputy county attorney seeking "an opportunity to set the record straight." Rule 59 requires that such an affidavit be filed with the motion. Further, the trial court is afforded broad discretion in granting or denying a motion for a new trial. Davis County has not demonstrated that the trial court exceeded its discretion, and we therefore conclude that the trial court did not err in denying Davis County's motion.

### IV. Prejudgment Interest

¶ 30 Finally, Davis County argues the trial court erred by deciding that prejudgment interest began to accrue on October 31, 1997, the date of the trial court's first order of immediate occupancy. We agree.

¶ 31 Utah Code Ann. § 78–34–9(5)(c)(i) (Supp.2000) states that

required PBA to pay for the condemnation award.

judgment shall include, as part of the just compensation awarded, interest at the rate of 8% per annum on the amount finally awarded as the value of the property ..., from the date of taking actual possession of the property by the plaintiff or from the date of the order of occupancy, whichever is earlier, to the date of the judgment.

*Id.* The trial court's first order of occupancy was ineffective because, as we have stated above with regard to notice and the establishment of the assessment valuation date of the Property, Jones and Barker had yet to be named as defendants in the condemnation action despite their known interest in the Property.

¶ 32 On April 13, 1998, after the trial court permitted Jones and Barker to intervene in the action and become named defendants, the trial court granted a stipulated order of immediate occupancy. Accordingly, the proper "date of the order of occupancy" is April 13, 1998, the order date in which all parties to the action were named. Utah Code Ann. § 78–34–9(5)(c)(i). Our decision leaves open the factual question as to whether Davis County took actual possession of the Property prior to that date. We therefore remand to the trial court to determine whether Davis County took actual possession of the Property prior to April 13, 1998. The trial court should then allow prejudgment interest from the earlier of the two dates.

## CONCLUSION

¶ 33 We conclude that the trial court did not err by concluding that August 13, 1998, was the value assessment date for the Property. Utah Code Ann. § 78–34–6 clearly states that the complaint "must" name as defendants the "claimants of the property, if known." Davis County was aware that Jones and Barker had an interest in the Property prior to filing its complaint, yet failed to name them. Accordingly, service and notice were complete upon the trial court's order granting Jones and Barker's motion to intervene. Therefore, August 13, 1998 was the "date of the service of summons" and the value assessment date for the Property. Utah Code Ann. § 78–34–11.

¶ 34 Next, we conclude that the trial court did not exceed its discretion in allowing into evidence (1) Defendants' appraisal, or (2) the fact that PBA was to pay the condemnation award for the Property. We also conclude that the trial court did not exceed its discretion by denying Davis County's motion for leave to file an affidavit in support of its motion for a new trial because the affidavit was untimely.

¶ 35 Finally, we reverse the trial court's decision establishing October 31, 1997, as the date upon which prejudgment interest began to accrue. We remand to the trial court for a determination of whether Davis County took actual possession of the Property prior to April 13, 1999, the date of the effective order of occupancy. Following that determination, the trial court shall set the date upon which prejudgment interest accrues, April 13, 1999, unless the trial court determines that Davis County took actual possession of the Property prior to that date.

¶ 36 WE CONCUR: RUSSELL W. BENCH, Judge, and JAMES Z. DAVIS, Judge.